**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**(Cincinnati)**

| | | |
|---|---|---|
| JOEL MOYER, et al., | : | Case No. 1:01cv00140 |
| | : | |
| Plaintiffs, | : | Senior Judge Herman J. Weber |
| | : | |
| v. | : | **DEFENDANT'S MOTION FOR** |
| | : | **LEAVE OF COURT TO DEPOSE** |
| AMBASSADOR PROGRAMS, INC., et al. | : | **PLAINTIFF JOEL MOYER** |
| | : | |
| Defendants. | : | |

Defendant Ambassador Programs, Inc. requests leave of Court to conduct an updated deposition of Plaintiff Joel Moyer. An Affidavit in Support of this motion is attached as Exhibit 1.

**I.    INTRODUCTION**

Plaintiff Joel Moyer filed his initial Complaint against Ambassador Programs on February 2, 2001 along with his parents as co-plaintiffs on a theory of loss of consortium. The case was subsequently removed to federal court. Mr. Moyer claims that while on a group trip to the United Kingdom in 1999, he was assaulted by Mr. Ronald Carroll, a Scottish citizen whose home he stayed for three nights. Mr. Moyer further contends that as a result of the incident he attempted to commit suicide approximately six months later.

Mr. Moyer has alleged that he is suffering from physical and mental injuries that are serious and permanent. Additionally, the orthopedic physician that the Moyers have engaged as

an expert has claimed that his physical injuries are progressive in nature. Mr. Moyer claims that his injuries have caused an ". . .inability to function; permanent impairment; constraint on future earnings in an undetermined amount."[1] Mr. Moyer claims that his injuries "have and will continue to limit his ability to engage in the normal activities of a young adult, will negatively impact his enjoyment of life in the near future and long term, and will require medical care and treatment in the future." (First Amended Complaint ¶ 53).

The Defendant deposed Mr. Moyer back on November 22, 2002. At that time, the trial date was set for March 2003 and it is fair to say the parties assumed this trial would have been completed by now. However, the trial date on this case has slipped several times, including several instances where the trial date was vacated upon motion of the Plaintiffs. The most recent example of this is the Motion to Vacate Trial Date filed by Plaintiffs' counsel on March 1, 2004 and recently granted by the Court. Approximately seventeen months have passed since that first deposition and the Defendant needs to get updated information about Mr. Moyer's condition and activity.

Before filing this motion, defense counsel contacted Plaintiffs' counsel to determine whether Mr. Moyer would voluntarily sit for a deposition, but were rebuffed. Therefore, Defendant is filing this motion for leave of Court to depose the Plaintiff, Joel Moyer, per Fed. R. Civ. Pro. 30(a)(2)(B).

II. ARGUMENT

   A. **Leave of Court is Proper In These Circumstances**

Defendant seeks leave merely to update its knowledge of Mr. Moyer and his medical and psychiatric condition. As noted above, Mr. Moyer's complaint claims that his injuries resulting from his suicide attempt will "continue to limit his activities." The Defendant needs to know just

---

[1] From Plaintiffs' response to Defendant's Interrogatory No. 2.

how these limitations may have manifested themselves in the past seventeen months. At the time of his initial deposition, Joel indicated that after his suicide attempt and recovery, he had played some soccer, run some track and had taken a college level course in bowling. However, Mr. Moyer's doctor, James Amis, MD testified at his deposition that Mr. Moyer cannot live a "normal" life and Defendants have a need to know just how normal or abnormal Joel's life has been since the first deposition.

Under Fed. R. Civ. P. Rule 30, if a person has been deposed previously in a case, leave of Court must be obtained to depose him or her again. However, such leave "….shall be granted that the extent consistent with the principals stated in Rule 26(b)(2)…" In the current situation, there is nothing about a second deposition of Plaintiff Joel Moyer that offends Rule 26(b)(2). This information that Defendant seeks is "new" in the sense that it relates to events after the date of Joel's first deposition. Further, the information is not obtainable from another source that is more convenient. Joel Moyer knows his physical activity level and medical condition better than anybody. Additionally, while Mr. Moyer might consider a deposition to be bothersome, it must be remembered that he is not a disinterested third party; this is fundamentally "his" lawsuit. Therefore, Defendant should be granted leave to continue the deposition of Joel Moyer.

      B.      **The Plaintiff Refused to Agree to a Second Deposition**

Defendant does not file this Motion as a first result, but rather as a last result. As discussed in greater detail in the accompanying affidavit, with its exhibits, defense counsel approached Plaintiffs' counsel and asked for a voluntary deposition, but were rebuffed. Additionally, in an effort to minimize any inconvenience to the Plaintiff, defense counsel proposed that in lieu of a deposition, the parties might be able to agree upon a formal stipulation by which it might be determined in detail what Joel Moyer's current medical state is. Plaintiffs'

counsel has refused to do this. Mr. Moyer's attorney did send a letter to defense counsel giving his own opinion as to Joel's current medical state, but this is far short of satisfactory for any number of reasons. Most notably, it does not bind the Plaintiff himself as a stipulation or a deposition would. Since it has been seventeen months since the Defendant has had an opportunity to question Mr. Moyer, it is proper to allow the Defendant a renewed opportunity to question him about whether, and how his injuries have manifested themselves and whether, and how they affected or limited his activities.

### III. CONCLUSION

For all the reasons stated above, Defendant Ambassador Programs, Inc. requests leave of Court to conduct a second deposition of the Plaintiff, Joel Moyer, pursuant to Fed. R. Civ. Pro. 30(a)(2).

Respectfully submitted,

/s/ Robert G. Hanseman
Karl R. Ulrich          (0055852)
Martin A. Beyer         (0060078)
Robert G. Hanseman      (0071825)
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
Dayton, OH 45423
937/222-2500
937/222-6554 (fax)
mbeyer@ssdlaw.com
Attorneys for Defendant Ambassador Programs, Inc.

## CERTIFICATE OF SERVICE

      I certify that a true copy of the foregoing was sent via electronically and by regular U.S. Mail, postage prepaid, to:

| | |
|---|---|
| Louis F. Gilligan, Esq.<br>Peter J. Stautberg, Esq.<br>Keating, Muething & Klekamp, PLL<br>1400 Provident Tower<br>One East Fourth Street<br>Cincinnati, OH 45202<br>513/579-6400<br>Attorneys for Plaintiffs | Gregory G. Beck, Esq.<br>Kreiner & Peters Co., LPA<br>2055 Reading Road, Ste. 290<br>Cincinnati, OH 45202<br>(513) 241-7878<br>Attorney for Defendant Humana/Choicecare |

this 2nd day of April, 2004.

                                                    /s/ Robert G. Hanseman
                                                  Robert G. Hanseman