IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(Cincinnati)

| | | |
|---|---|---|
| JOEL MOYER, et al., | : | CASE NO. C-1-01-140 |
| | : | |
| Plaintiffs, | : | Senior Judge Herman J. Weber |
| | : | |
| v. | : | |
| | : | AFFIDAVIT OF ROBERT G. |
| AMBASSADOR PROGRAMS, INC., et al., | : | HANSEMAN IN SUPPORT OF AMBASSADOR PROGRAMS INC.'S |
| | : | MOTION TO TAKE SECOND |
| Defendants. | : | DEPOSITION OF JOEL MOYER |

| | |
|---|---|
| STATE OF OHIO | : |
| | : SS |
| COUNTY OF MONTOMGERY | : |

Now comes affiant, Robert G. Hanseman, and for his affidavit states:

1. I am over eighteen years of age and am competent to testify about the matters in this affidavit.

2. I make this affidavit based on my personal knowledge.

3. I am an attorney licensed to practice law in the state of Ohio.

4. I am one of the attorneys representing Ambassador Programs, Inc., the remaining Defendant in this case.

5. On February 6, 2004, I mailed the original of the letter attached as Exhibit A to this affidavit to Plaintiff's counsel at the law firm of Keating Muething & Klekamp. In that

{00105529.DOC/1}



EXHIBIT 1

letter, I indicated that the Defendant was interested in taking the continued deposition of Joel Moyer, given that it has been almost a year and a half since Mr. Moyer's previous deposition. I indicated that it was our desire to minimize any disruption to Mr. Moyer's schedule and asked for dates in February or early March that would be convenient for everybody.  Further, I indicated that if Mr. Moyer so desired, we were willing to travel to Mr. Moyer's residence in Indiana to depose him there as well.  Finally, I indicated that we would also be happy to depose Mr. Moyer in Cincinnati if he was planning to be in Ohio during the spring.

6. Plaintiff's counsel did not respond to my letter by mail or by telephone, so I called Louis Gilligan on February 17, 2004.  During that conversation, I indicated that Defendants felt they needed to update their knowledge of Joel Moyer's medical condition as well as his physical activities.  I also reiterated that we wanted to provide maximum flexibility to Mr. Moyer.

7. Mr. Gilligan flatly refused to allow any access to Plaintiff and he indicated that the defense should just file its motion.

8. As a possible compromise, I proposed the idea of a stipulation of facts between the parties regarding Joel's medical condition as an alternative to the deposition.  Obviously, such a stipulation would require some effort on both sides to agree on mutually acceptable wording.  However, if the parties could agree as to what Joel's medical condition is, as well as what his current level of activity is, it could eliminate the need for a second deposition.  Mr. Gilligan refused the offer of a stipulation as well.

9. I wrote a follow-up letter to Mr. Gilligan dated February 26, 2004 recounting our conversation which is attached hereto as Exhibit B.

10. Subsequently, we received a letter from Mr. Gilligan dated March 2, 2004, attached as Exhibit C. In that letter, Mr. Gilligan indicated that he had discussions with Joel

Moyer about his present physical condition and had reviewed the transcript of his prior deposition. Mr. Gilligan's letter indicated that Mr. Moyer's complaints are no different and went on to say that Mr. Moyer is "still experiencing the same type of physical pain and limitations as he described" at his deposition and that he had not sought further treatment for his injuries.

11. Frankly, the letter raises more questions than it answers. If Mr. Moyer is still experiencing the same "type of" physical pain and limitations as he described 17 months ago, we need to know if the physical pain has gotten worse in any way, or better. Further, we have a need to know what sort of activities he has been engaged in. The only concrete piece of information contained in Mr. Gilligan's letter is that Joel has not sought further treatment for any of his injuries.

12. In a final attempt to resolve this discovery dispute short of approaching the Court, I sent the letter attached as Exhibit D asking Plaintiffs' counsel to let us know if there was any change in their position. However, there has been no response.

13. Defendant Ambassador Programs, Inc. has attempted to resolve this discovery dispute in good faith before approaching the Court.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Robert G. Hanseman

Sworn to and subscribed before me this ___ day of April, 2004.

_____
Notary Public

My commission expires: Section 147.03 O. R. C.