UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOEL P. MOYER, et al., | ) : | Case No. C-1-01-140 |
| Plaintiffs, | ) : | (Judge Weber) |
| -v- | ) : | PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT |
| PEOPLE TO PEOPLE INTERNATIONAL, INC., et al., | ) : ) : | |
| Defendant. | ) : | |

Plaintiffs hereby move the Court for leave to file a Third Amended Complaint in this matter. As will be set forth in the attached memorandum, Plaintiffs wish to amend their Complaint to streamline and clarify the allegations against the remaining defendants, and to add allegations of fact learned through discovery and a claim for punitive damages. A proposed Third Amended Complaint is attached hereto.

                                                  Respectfully submitted,

                                                  _____
                                                  Louis F. Gilligan (0021805)
                                                  Peter J. Stautberg (0061691)
                                                  KEATING, MUETHING & KLEKAMP, P.L.L.
                                                  1400 Provident Tower
                                                  One East Fourth Street
                                                  Cincinnati, Ohio  45202
                                                  (513) 579-6400
                                                  (513) 579-6457 - fax
                                                  Attorney for Plaintiffs,
                                                  JOEL P. MOYER, et al.

**MEMORANDUM**

**I.     INTRODUCTION**

As the Court is aware, this case is a personal injury action brought by Plaintiff, Joel Moyer and his parents, David and Marcia Moyer, to recover damages arising out of a molestation of Joel while in the custody of Defendant Ambassador on a trip to the United Kingdom in July 1999. This molestation ultimately lead Joel to attempt to commit suicide on the early morning hours of December 31, 1999. The case was originally filed in Hamilton County Common Pleas Court, and removed to this Court by Defendant World Learning, Inc., a defendant which has since been dismissed.

At the time the initial Complaint was filed, the identity of the parties, their interrelationships and roles in making arrangements for the People to People Student Ambassador trip in 1999 were not known. After filing the initial Complaint, Plaintiffs learned that there was an additional defendant, Ambassador Programs, Inc., which used the People to People name under a license. The Complaint was amended to name Ambassador Programs, Inc. as a defendant. Subsequently, Plaintiffs amended the Complaint a second time to name as a nominal defendant Humana/ChoiceCare, the Third Party Administrator (and assignee) of Plaintiffs' health benefits plan.

Since the filing of the Second Amended Complaint, the parties have engaged in and essentially completed discovery, and the parties filed cross-motions for summary judgment. The Court recently ruled on the cross-motions for summary judgment, and made some important determinations which significantly impact the complexion of this case. The Court also granted summary judgment in favor of Defendant People to People International, Inc.

Because of these important determinations, Plaintiffs wish to amend their Complaint to clarify and streamline the allegations against Ambassador Programs, Inc., and to add allegations

of facts learned through discovery and a claim for punitive damages. The additional allegations and claim for punitive damages are justified based on the facts learned in discovery, and law established in this case.

## II.   ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure requires that leave of court be obtained prior to amending a pleading. Such leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986); (quoting *Tefft v. Seward*, 35 F. 2d 637 (6th Cir. 1982)).

In the case before this Court, there will be no prejudice to the defendants in allowing the amended complaint. Discovery has been exchanged and completed, and the additional allegations are of facts learned from defendants and other witnesses in the discovery process. Rule 15 and cases interpreting that rule uniformly recite the liberality in allowing amendments to complaints, and require a significant showing of prejudice before a request for leave can be properly denied. *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986); and *Tefft v. Seward*, 35 F. 2d 637, 639-640 (6th Cir. 1982). Although Defendant Ambassador Programs, Inc. may object to the additional claim for punitive damages, the facts supporting such a claim have been before it and known to it for some time. During the course of discovery and briefing the cross-motions, however, it became apparent to Plaintiff that this case involves more than mere negligence. Indeed, Ambassador Programs' steadfast insistence that it owed no duty to Plaintiffs clarified the continuing willful and wanton careless attitude toward its teenage program participants, as well as its conscious disregard for the rights of others.

Allowing the amendment will not prejudice Ambassador Programs, Inc. because there are no new facts to introduce, and the amendment will not cause any need for additional discovery. The additional factual allegations concern facts known to Defendant Ambassador Programs, Inc., but only revealed to Plaintiffs through the discovery process. *See Thomas vs. Medesco*, 67 F.R.D. 129 (E.D. Pa. 1974) (amendment adding punitive damage claim at late date allowed where no new facts introduced). Although this case has been pending for some time, the amendment is permitted under the liberal standard for amendments under F.R.C.P. 15. *Id. See also Howard v. Kerr Glass Mfg. Co.*, 699 F.2d 330 (6th Cir. 1983) (plaintiff filing negligence claim should have been granted leave of court to add warranty claim <u>at trial</u> when defendant had been given notice that warranty claim would be asserted); *General Electric Co. v. Sargent & Lundry,* 916 F.2d 1119 (6th Cir. 1990) (trial court abused discretion in not allowing amendment to pleadings three days before trial); *Tefft v. Seward*, 689 F.2d 637 (6th Cir. 1982) (trial court abused discretion in refusing to allow amendment to complaint). The liberal standard for amendment permits an amendment to the complaint under these circumstances.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant their motion, and allow them leave to file their Third Amended Complaint.

        Respectfully submitted,

        /s/ Peter J. Stautberg
        Louis F. Gilligan (0021805)
        Peter J. Stautberg (0061691)
        KEATING, MUETHING & KLEKAMP, P.L.L.
        1400 Provident Tower
        One East Fourth Street
        Cincinnati, Ohio  45202
        (513) 579-6400
        (513) 579-6457 - fax
        Attorney for Plaintiffs,
        JOEL P. MOYER, et al.

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT was served upon this 16 day of April, 2004 by electronic mail upon:

Robert Hanseman, Esq.
Martin Beyer, Esq.
Sebaly, Shillito, and Dyer
1900 Kettering Tower
Dayton, Ohio  45423
Attorneys for Defendant Ambassador Programs, Inc.

and by regular U.S. mail upon:

Gregory G. Beck, Esq.
Kreiner & Peters
P.O. Box 1209
Dublin, Ohio  43107
Attorneys for ChoiceCare

                                                       /s/ Peter J. Stautberg
                                                       Peter J. Stautberg

1233441.1