IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(Cincinnati)

| | | |
|---|---|---|
| JOEL MOYER, et al., | : | Case No. 1:01cv00140 |
| | : | |
| Plaintiffs, | : | Senior Judge Herman J. Weber |
| | : | |
| v. | : | DEFENDANT'S REPLY |
| | : | MEMORANDUM CONCERNING |
| AMBASSADOR PROGRAMS, INC. | : | ITS MOTION TO TAKE THE |
| | : | DEPOSITION OF JOEL MOYER |
| Defendant. | : | |
| | : | |

Now comes Defendant Ambassador Programs, Inc. to respond to the pleading filed by Plaintiffs on May 12, 2004.

## BACKGROUND

On April 2, 2004, the Defendant Ambassador Programs, Inc. filed a motion requesting the Court's leave to take a second deposition of Plaintiff Joel Moyer. The reasons for the request are detailed more fully in the Memorandum in Support, but it can be briefly stated that because approximately and year and a half has passed since the deposition of Joel Moyer the Defendants need to take an "update" deposition in order to ascertain whether there have been any changes in Mr. Moyer's physical and mental condition.

Prior to filing its Motion, the Defendant attempted to simply work out an agreement with Plaintiff's counsel whereby a deposition would be scheduled. At first Plaintiffs' counsel

{00114707.DOC/1}

represented, both verbally and in writing, and that there was no change in Mr. Moyer's medical condition and therefore no update deposition was needed. Subsequently, Plaintiff's counsel wrote to inform the Defense "Joel Moyer's physical condition is possibly deteriorating. Because of that, he will be obtaining additional consultation…" Finally, in the responsive pleading to Defendant's motion, Plaintiffs' counsel wrote that Joel was experiencing "continued problems and a lack of improvement in his physical condition."

No actual details have ever been provided to Defendant's counsel about what deterioration might "possibly" be incurring in Mr. Moyer or what "continued problems" he may be experiencing. Given the length of time since the last deposition, as well as the non-specific nature of these communications, Defendants believe a second deposition is justified and necessary.

In their response memorandum the Plaintiffs did not oppose a second deposition, but instead claimed that "…. Plaintiffs believe that recent developments should render Defendant's Motion moot." The Plaintiffs agreed that the Defendant should be able to take a deposition of Joel Moyer "limited to updating his physical condition." The memorandum went on to state that "Plaintiffs believe that … the Motion of Defendant is moot."

In an effort to resolve all of these matters, the Defense counsel prepared a stipulation that would have resolved this matter. Though Plaintiff's counsel has never actually objected to any specific portion of the stipulation, they have also refused to sign it.

Plaintiff believes it is a highly questionable tactic to unilaterally declare another party's motion "moot" while simultaneously refusing to sign a stipulation that would render it so. The Defendants believe that its motion is <u>not</u> moot and that the Plaintiffs are playing games. Plaintiffs' counsel knows full well that Defendant's motion was not limited to questions about

Joel's "physical condition." Those certainly would be included within the scope of the deposition. However, as the Court knows, the Plaintiffs have made a series of claims concerning Joel Moyer's physical and mental condition. Specifically, they have alleged that Joel Moyer suffers from Post Traumatic Stress Syndrome. The Plaintiffs wish to inquire not only about Joel's physical activities, but also whether Joel Moyer is suffering from any continued "mental anguish" and if so, how that might have manifested itself.

**CONCLUSION**

In summary, the Defendants attempted to work with the Plaintiff's counsel to seek a deposition of Joel Moyer by agreement. After Plaintiff's counsel refused, Defendants filed its motion seeking leave from the court to take Mr. Moyer's deposition. At the same time, Defendants prepared and forwarded to the Plaintiffs' counsel a draft stipulation that would have resolved this matter. Rather than either sign the stipulation or fight the motion, Plaintiffs have done neither. Instead they have filed a pleading which, they represent, makes Defendant's motion moot, but simultaneously attempts to unfairly limit the scope of the deposition without plainly bringing any areas of disagreement to the Court's attention.

For all these reasons, and in recognition of the fact that the Plaintiffs have not opposed the motion, the Defendant renews its request to the Court for leave to take the deposition of Plaintiff Joel Moyer. A proposed Order has been electronically filed.

        Respectfully submitted,

        /s/ Robert G. Hanseman

        _____
        Karl R. Ulrich (0055852)
        Martin A. Beyer  (0060078)
        Robert G. Hanseman  (0071825)
        SEBALY SHILLITO + DYER
        A Legal Professional Association
        1900 Kettering Tower
        Dayton, OH 45423
        937/222-2500
        937/222-6554 (fax)
        rhansema@ssdlaw.com
        Attorneys for Defendants Ambassador Programs, Inc.

## CERTIFICATE OF SERVICE

      I certify that a true copy of the foregoing **DEFENDANT'S REPLY MEMORANDUM CONCERNING ITS MOTION TO TAKE THE DEPOSITION OF JOEL MOYER** was sent electronically and by regular U.S. Mail, postage prepaid, to:

| | |
|---|---|
| Louis F. Gilligan, Esq.<br>Peter J. Stautberg, Esq.<br>Keating, Muething & Klekamp, PLL<br>1400 Provident Tower<br>One East Fourth Street<br>Cincinnati, OH 45202<br>513/579-6400<br>Attorneys for Plaintiffs | Gregory G. Beck, Esq.<br>KREINER & PETERS CO. L.P.A.<br>2055 Reading Road, Ste. 290<br>Cincinnati, OH 45202<br>(513) 241-7878<br>Attorney for Defendant Humana/Choice |

this 28th day of May 2004.

                           /s/ Robert G. Hanseman

                           Robert G. Hanseman