UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOEL P. MOYER, et al.,

      Plaintiffs,

  v.                                  C-1- 01-140

PEOPLE TO PEOPLE
INTERNATIONAL, INC., et al.,

      Defendants.

## **ORDER**

This matter is before the Court upon plaintiffs' motion for leave to file third amended complaint (doc. 107), which defendant Ambassador Programs, Inc. (Ambassador) opposes (doc. 112). Also before the Court is defendant Ambassador's motion for leave of court to depose plaintiff Joel Moyer (doc. 106), plaintiffs' response (doc. 110), and defendant's reply (doc. 113).

### I. Motion for leave to depose

Defendant seeks leave of Court to depose plaintiff Joel Moyer a second time pursuant to Fed. R. Civ. P. 30(a)(2)(B), which requires that a party obtain leave of court in order to take an individual's deposition if that individual has already been deposed in the case. Rule 30 provides that leave of court "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Defendant states that it last deposed plaintiff on November 22, 2002, and it seeks leave to depose plaintiff again in order to obtain updated information on his medical and psychiatric condition.

In their response to the motion, plaintiffs assert that they believe recent developments have rendered defendant's motion moot. Specifically, plaintiffs state that they have proposed to defendant that arrangements can be made for Joel Moyer to undergo a supplemental deposition limited to updating his physical condition. In reply, defendant disputes that its motion is moot and contends that it seeks information not only on Joel Moyer's physical condition but also on his mental condition.

Because over eighteen months have elapsed since defendant took plaintiff Joel Moyer's deposition, defendant is entitled to an opportunity to depose plaintiff a second time in order to obtain updated information on his physical and mental condition. Accordingly, the Court will grant defendant leave to depose Joel Moyer for the limited purpose of obtaining information regarding changes in his physical and mental condition which have occurred since the first deposition.

## II. Motion for leave to amend

Plaintiffs move the Court for leave to amend the complaint to streamline and clarify allegations against the defendants remaining in the case and to add allegations of facts learned through discovery and a claim for punitive damages. Defendant opposes plaintiffs' motion. Defendant argues that there is no new evidence which justifies addition of a claim of willful and wanton conduct at this late stage of the case. Defendant also alleges that an amendment would be futile. Defendant contends that it would be entitled to summary judgment on the amended claim and the punitive damages request because the facts demonstrate that it did not act willfully or wantonly.

Leave to amend ". . . shall be freely given when justice so requires." Fed. R. Civ. P.

15(a). Denial of leave to amend is warranted where there is undue delay, bad faith or a dilatory motive on the part of the movant, the amendment would be futile, or undue prejudice would result to the opposing party. ***Foman v. Davis,*** 371 U.S. 178, 182 (1962); see also ***Yuhasz v. Brush Wellman, Inc.,*** 341 F.3d 559, 569 (6th Cir. 2003).

The Court will grant plaintiffs leave to amend the complaint. There is no indication in the record that plaintiffs have acted in bad faith or with a dilatory motive. Moreover, it is not apparent that the amendment would be futile. Finally, undue prejudice would not result to defendant. Rather, the punitive damages claim does not require additional discovery, the Court will grant defendant an opportunity to move for summary judgment on the claim prior to the August trial date, and the Court will maintain the current trial setting.

### III. Conclusion

Defendant Ambassador's motion for leave to depose is **GRANTED** for the limited purpose of obtaining information regarding changes in plaintiff Joel Moyer's physical and mental condition which have occurred since plaintiff's deposition on November 22, 2002.

Plaintiffs' motion for leave to file third amended complaint is **GRANTED.** The Clerk is **DIRECTED** to file the Third Amended Complaint attached to plaintiffs' motion. Defendant shall have **twenty days** from the date of this Order to file a motion for summary judgment on plaintiffs' punitive damages claim if it so chooses. This case will proceed to trial in accordance with the current schedule.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\01-140lvdeps.wpd