IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(Cincinnati)

| | | |
|---|---|---|
| JOEL MOYER, et al. | : | Case No. 1:01-CV-140 |
| | : | |
| Plaintiffs, | : | Senior Judge Herman J. Weber |
| | : | |
| v. | : | DEFENDANT AMBASSADOR |
| | : | PROGRAMS, INC.'S ANSWER TO |
| AMBASSADOR PROGRAMS, INC., | : | PLAINTIFFS' THIRD AMENDED |
| et al. | : | COMPLAINT |
| | : | |
| Defendants. | : | |

For its answer to Plaintiffs' Third Amended Complaint, Defendant Ambassador Programs, Inc. (Ambassador) states as follows:

1. Ambassador admits paragraph 1.

2. Ambassador admits paragraph 2.

3. Ambassador admits paragraph 3.

4. Ambassador admits paragraph 4.

5. Ambassador admits paragraph 5.

6. Ambassador denies for lack of knowledge paragraph 6.

7. Ambassador denies paragraph 7.

8. Ambassador reallges all prior paragraphs.

9. Ambassador admits paragraph 9.

10. Ambassador admits paragraph 10.

11. Ambassador denies paragraph 11.

12. Ambassador admits paragraph 12.

13. Ambassador admits paragraph 13.

14. Ambassador admits paragraph 14.

15. Ambassador admits paragraph 15.

16. Ambassador admits paragraph 16.

17. Ambassador admits that its program materials stated, "the aim of each Student Ambassador delegation is to provide, wherever possible, a balanced exposure to a variety of nations in specific region through such activities as… homestays with selected home families." Ambassador also admits that its printed materials said, "one of the most interesting and rewarding portions of the program will be the opportunity to 'meet the people' during homestay experiences. Ambassadors are matched with carefully selected host families…." Ambassador denies the rest of paragraph 17.

18. Ambassador denies paragraph 18.

19. Ambassador denies paragraph 19.

20. Ambassador admits paragraph 20.

21. Ambassador admits paragraph 21.

22. Ambassador denies paragraph 22.

23. Ambassador admits paragraph 23.

24. Ambassador admits that part of the concept of keeping trip participants out of harm's way during a homestay would include the trip participants being in safe situations. Ambassador denies the rest of paragraph 24.

25. Ambassador admits that some of its literature says that students will be placed in "carefully selected homestays." Ambassador denies the rest of paragraph 25.

26. Ambassador admits paragraph 26.

27. Ambassador denies paragraph 27.

28. Ambassador admits paragraph 28.

29. Ambassador denies paragraph 29.

30. Ambassador admits paragraph 30.

31. Ambassador admits that it had not previously worked with EIL, Ltd. (EIL) in making arrangements for travel and lodging for its program participants. Ambassador denies the rest of paragraph 31.

32. Ambassador denies paragraph 32.

33. Ambassador denies paragraph 33.

34. Ambassador denies paragraph 34.

35. Ambassador admits that its guidelines encouraged overseas vendors to place trip participants with carefully selected host families. Ambassador denies the rest of paragraph 35.

36. Ambassador admits that it had guidelines with respect to situations and circumstances of acceptable homestays. Ambassador denies the rest of paragraph 36.

37. Ambassador admits paragraph 37.

38. Ambassador denies paragraph 38.

39. Ambassador denies paragraph 39.

40. Ambassador denies paragraph 40.

41. Ambassador admits paragraph 41.

42. Ambassador admits paragraph 42.

43. Ambassador denies paragraph 43.

44. Ambassador admits that Joel Moyer and another member of the trip delegation were assigned to stay in Edinburgh in the home of an Edinburgh resident named Ronald Carroll. Ambassador denies the rest of paragraph 44.

45. Ambassador admits paragraph 45.

46. Ambassador denies paragraph 46.

47. Ambassador admits paragraph 47.

48. Ambassador denies paragraph 48.

49. Ambassador admits that on the night of July 16, Joel Moyer voluntarily became intoxicated and became sick. Ambassador denies for lack of knowledge whether Mr. Carroll offered Joel Moyer alcoholic beverages after Joel Moyer returned from his visit to a local pub. Ambassador denies the rest of paragraph 49.

50. Ambassador denies paragraph 50.

51. Ambassador denies paragraph 51.

52. Ambassador admits that during the early morning hours of December 31, 1999, Joel Moyer drove to Mercy St. Teresa Center in Mariemont, Ohio and unsuccessfully tried to kill himself by slipping off the top of a three-story parking garage. Ambassador denies the rest of paragraph 52.

53. Ambassador admits that Joel sustained multiple serious physical injuries as a result of his attempted suicide. Ambassador denies the rest of paragraph 53.

54. Ambassador denies paragraph 54.

55. Ambassador denies paragraph 55.

56. Ambassador denies paragraph 56.

57. Ambassador denies paragraph 57.

58. Ambassador realleges all prior paragraphs.

59. Ambassador denies paragraph 59.

60. Ambassador denies paragraph 60.

61. Ambassador denies paragraph 61.

62. Ambassador realleges all prior paragraphs.

63. Ambassador denies paragraph 63.

64. Ambassador denies paragraph 64.

65. Ambassador realleges all prior paragraphs.

66. Ambassador denies paragraph 66.

67. Ambassador denies paragraph 67.

68. Ambassador denies paragraph 68.

69. Ambassador realleges all prior paragraphs.

70. Ambassador denies paragraph 70.

71. Ambassador denies paragraph 71.

72. Ambassador realleges all prior paragraphs.

73. Ambassador admits paragraph 73.

74. Ambassador denies paragraph 74.

75. Ambassador denies paragraph 75.

76. Ambassador admits that it retained EIL's services and that it did not explicitly tell program participants and their families that EIL would make homestay arrangements. Ambassador denies the rest of paragraph 76.

77. Ambassador denies paragraph 77.

R:\CLIENTS\3865\26\00115675.DOC

78. Ambassador admits that EIL did not follow Ambassador's guidelines with respect to placing trip participants. Ambassador denies the rest of paragraph 78.

79. Ambassador denies paragraph 79.

80. Ambassador denies paragraph 80.

81. Ambassador denies paragraph 81.

82. Ambassador realleges all prior paragraphs.

83. Ambassador admits paragraph 83.

84. Ambassador denies paragraph 84.

85. Ambassador denies paragraph 85.

86. Ambassador denies paragraph 86.

87. Ambassador admits that Mr. and Mrs. Moyer are responsible for and have paid some expenses incurred in Joel Moyer's medical care and treatment for physical, psychological, and emotional injuries he sustained. Ambassador denies the rest of paragraph 87.

88. Ambassador denies paragraph 88.

89. Ambassador realleges all prior paragraphs.

90. Ambassador admits that Humana/Choicecare was the Third Party Administrator of the Moyer's health benefit plan. Ambassador denies the rest of paragraph 90.

91. Ambassador denies paragraph 91.

**<u>AFFIRMATIVE DEFENSES</u>**

1. The Moyers' third amended complaint fails to state a claim that relief can be granted upon.

2. Plaintiffs' claims are barred in whole or in part by Joel Moyer's contributory or comparative negligence.

3. Plaintiffs' damages, if any, are the sole, direct, and proximate result of actions or inactions of others whom Ambassador did not control or have a right to control.

4. Plaintiffs' have failed to mitigate some or all of their damages.

5. Ambassador denies all allegations not specifically admitted.

                                          Respectfully submitted,

                                          /s/ Martin A. Beyer
                                          Karl R. Ulrich  (0055852)
                                          Martin A. Beyer  (0060078)
                                          Robert G. Hanseman  (0071825)
                                          Sebaly Shillito + Dyer
                                          A Legal Professional Association
                                          1900 Kettering Tower
                                          Dayton, OH 45423
                                          937/222-2500
                                          937/222-6554 (fax)
                                          mbeyer@ssdlaw.com
                                          Attorneys for Defendant Ambassador Programs, Inc..

## CERTIFICATE OF SERVICE

I certify that a copy of **Defendant Ambassador Programs, Inc.'s Answer to Plaintiffs' Third Amended Complaint** was sent electronically and by U.S. Mail, to:

| | |
|---|---|
| Louis F. Gilligan, Esq. | Gregory G. Beck, Esq. |
| Peter J. Stautberg, Esq. | Kreiner & Peters Co., LPA |
| Keating, Muething & Klekamp, PLL | P.O. Box 1209 |
| 1400 Provident Tower | Dublin, OH 43017-5202 |
| One East Fourth Street | (513) 367-5401 |
| Cincinnati, OH 45202 | Attorney for Defendant Humana/Choicecare |
| 513/579-6400 | |
| Attorneys for Plaintiffs | |

on  June 8, 2004.

                                          /s/ Martin A. Beyer
                                          Martin A. Beyer