*1999 Ohio App. LEXIS 3573, \**

Robin Whitt, et al., Appellants v. Country Club Apartments, et al., Appellees

Court of Appeals No. L-99-1039

COURT OF APPEALS OF OHIO, SIXTH APPELLATE DISTRICT, LUCAS COUNTY

1999 Ohio App. LEXIS 3573

August 6, 1999, Decided

**PRIOR HISTORY:**   [\*1] Trial Court No. 97-5073.

**DISPOSITION:** JUDGMENT AFFIRMED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Appellants sought review of an order from the Lucas County Court of Common Pleas (Ohio), granting summary judgment in favor of appellees in an action brought by appellants, which alleged negligent hiring and supervision of an employee on part of appellees and unlawful discrimination and retaliatory eviction.

**OVERVIEW:** The trial court granted summary judgment for appellees in action brought by appellants alleging negligent hiring and supervision because appellees had actual or constructive knowledge that their employee would commit sexual assault, and unlawful discrimination and retaliatory eviction. Appellants sought review, and on appeal the court affirmed. To maintain an action for negligent hiring, appellants had to establish the existence of an employment relationship, the employee's incompetence, the employer's actual or constructive knowledge of such incompetence, the employee's act or omission causing plaintiff's injuries, and the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. The mere fact that misconduct might have been foreseen was not sufficient to place responsibility upon appellees. No genuine issue of facts existed as to appellants' negligent hiring claim. The mere fact appellees' employee was untruthful did not require he be supervised more closely. As to appellants' discriminatory and retaliatory eviction claim, the trial court properly applied res judicata in light of a prior municipal court action for past-due rent.

**OUTCOME:** The court affirmed trial court's grant of summary judgment in favor of appellees in appellants' action charging negligent hiring and supervision and unlawful discrimination and retaliatory eviction. No genuine issue of facts existed in the negligent hiring claim because the mere fact appellees' employee was untruthful did not require he be supervised more closely. Res judicata barred the unlawful discrimination and retaliatory eviction claim.

**CORE TERMS:** apartment, eviction, unlawful discrimination, assignment of error, resident, rent, summary judgment, fair housing, retaliatory, judicata, mere fact, incompetence, misconduct, granting summary judgment, constructive knowledge, negligent hiring, actual knowledge, eviction notice, sexual assault, genuine issue, constructive, recommended, complaining, supervised, well-taken, correctly, contacted, commit, hiring, notice

**LexisNexis(R) Headnotes** + Hide Headnotes

Civil Procedure > Summary Judgment > Summary Judgment Standard
HN1 ± In reviewing a grant of summary judgment, an appellate court must apply the same standard as the trial court. Pursuant to Ohio R. Civ. P. 56(C), summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. More Like This Headnote

Labor & Employment Law > Employer Liability > Tort Liability > Negligent Hiring & Supervision



HN2 ± In order to maintain an action for negligent hiring, plaintiff must establish the following: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.  More Like This Headnote

Labor & Employment Law > Employer Liability > Tort Liability > Negligent Hiring & Supervision
HN3 ± The mere fact that misconduct on the part of another might be foreseen is not of itself sufficient to place the responsibility upon defendant. Rather, it is only where misconduct was to be anticipated, and taking the risk of it was unreasonable, that liability will be imposed for consequences to which such intervening acts contributed.  More Like This Headnote

Labor & Employment Law > Employer Liability > Tort Liability > Negligent Hiring & Supervision
HN4 ± As to an employer's failure to conduct a criminal background check, absent reasonable suspicion, a criminal check is not mandatory.  More Like This Headnote

Civil Procedure > Preclusion & Effect of Judgments > Res Judicata
HN5 ± The doctrine of res judicata provides that a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of a previous action.  More Like This Headnote

**COUNSEL:** Joseph P. Dawson, for appellants.

Mark J. Metusalem, for appellees.

**JUDGES:** Peter M. Handwork, P.J., JUDGE, Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGE, CONCUR.

**OPINIONBY:** MARK L. PIETRYKOWSKI

**OPINION: OPINION AND JUDGMENT ENTRY**

PIETRYKOWSKI, J. This is an accelerated appeal from the Lucas County Court of Common Pleas which granted appellees' motion for summary judgment. From that judgment, appellants set forth the following assignments of error:

"A. The trial court erred by requiring that the plaintiffs show that the defendants had constructive or actual knowledge that the employee would commit the exact harm that resulted in this case, and by failing to construe the evidence of defendants' constructive and actual knowledge of this employee's untrustworthiness and lack of supervision most strongly in plaintiffs' favor.

"B. The trial court erred in granting summary judgment as to plaintiffs' claims of unlawful discrimination where statements attributed to the defendants acknowledged that they charged more for children and where the notice of eviction appeared retaliatory when served the same day as these alleged statements [*2] were made to an agency investigator."

This action stems from a sexual assault suffered by minor appellant, Sasha L. Whitt, and perpetrated by a maintenance employee of appellee County Club Apartments ("Country Club"). Appellants further claim that appellees discriminated against them by charging a higher rent because appellant, Robin Whitt, had two minor children. Appellants relatedly argue that appellees' act of filing an eviction notice was in retaliation for their complaint with the fair housing agency.

Appellants, Robin Whitt and her minor daughter Sasha ("appellants"), and minor son signed a one year lease with County Club, in Oregon, Ohio, in August 1995. The lease term commenced on September 1, 1995; rent was $ 475 per month and due on the first day of each month. Country Club is owned by appellee Roy Hayes. Appellee Bessie Gaven, the Country Club property manager, testified in her deposition that appellants' rate was $ 15 higher than certain other residents, because tenants are charged $ 15 for each additional resident beyond two. Gaven stated that it had nothing to do with the age or familial status of the resident. When the fair housing agency contacted the apartment complex, [*3] they allegedly spoke with the owner's wife who stated that they did charge extra for each child.

Gaven testified that she filed the eviction notice because appellants did not pay the November 1995 rent.