Additionally, Gaven stated that other tenants had been complaining about Sasha's behavior while her mother was at work.

On March 25, 1996, appellees filed a complaint in Oregon Municipal court for unpaid rent and repairs and cleaning needed after appellants moved from the apartment. Thereafter, a hearing was held on the complaint. Whitt testified that within two hours of the fair housing agency contacting Gaven, she was given notice of her eviction. She further stated that she left the apartment in good condition. The court found that appellees proved their case and entered judgment in their favor.

Prior to appellants' eviction, the following incident took place. On the night of October 10, 1995, while Robin Whitt was at work, Sasha was locked out of the laundry room where her laundry remained. She went to the apartment of the maintenance worker, Scott McCuddy, to have him unlock the door. His girlfriend was there alone but attempted to page him.

Approximately one hour later, McCuddy **[*4]** arrived at the Whitts' apartment. McCuddy repeatedly tried to kiss Sasha and touched her breasts, buttocks and genital area. He attempted to put his hands under her shirt and inside her pants. She repeatedly rejected McCuddy's advances and asked that he leave the apartment. McCuddy eventually left. He was later charged with sexual imposition.

McCuddy was hired by appellees in September 1995. A resident recommended him to Gaven and she granted him an interview. McCuddy listed three job references on his application. Gaven testified that she contacted Oregon City Schools, where McCuddy worked maintenance, and they highly recommended him. She stated that she tried to contact one other reference, but the company had gone out of business.

Gaven admitted that she did not request a criminal record check. Had she done so, it would have revealed several active warrants stemming from a 1990 DUI conviction. As to McCuddy's work performance, Gaven testified that at times he would represent that a job had been completed when it actually had not. Gaven further testified that McCuddy had a master key to all the buildings, but that it does not fit many of the apartments because new locks and dead **[*5]** bolts have been installed.

On January 20, 1999, the trial court granted summary judgment to appellees. In its Opinion and Judgment Entry, the court stated that appellees did not have actual or constructive knowledge that McCuddy would sexually assault appellant. The court further found no evidence of discrimination and, since the issue of rent was the subject of prior litigation, the claim was barred by res judicata. Thereafter, appellants filed a timely notice of appeal.

In their first assignment of error, appellants argue that a genuine issue of fact exists as to whether appellees knew or should have known that some harm would result from McCuddy's actions. Appellees argue that the trial court correctly found that the assault was unforeseeable.

HN1 In reviewing a grant of summary judgment, this court must apply the same standard as the trial court. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

HN2 In order to maintain an action for negligent hiring, **[*6]** a plaintiff must establish the following:

" *** (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." Ruta v. Breckenridge-Remy Co., 1980 Ohio App. LEXIS 12410 (Dec. 12, 1980), Erie App. No. E-80-039, unreported, citing 2 American Jurisprudence Proof of Facts 2d 615, Lack of Care in Hiring, Section 2. See Anderson v. Toeppe, 116 Ohio App. 3d 429, 688 N.E.2d 538 (1996).

The court in Evans v. Ohio State Univ. (1996), 112 Ohio App. 3d 724, 680 N.E.2d 161, discussed when an employer may be responsible for criminal acts of an employee. The court opined that HN3

"'the mere fact that misconduct on the part of another might be foreseen is not of itself sufficient to place the responsibility upon the defendant.' Prosser & Keeton, supra, at 305. Rather, 'it is only where misconduct was to be anticipated, and taking the risk of it was unreasonable, that liability will be imposed for consequences **[*7]** to which such intervening acts contributed.' Id. at 313." 112 Ohio App. 3d at 740.

Additionally, [HN4] as to an employer's failure to conduct a criminal background check, Ohio case law suggests that absent reasonable suspicion, a criminal check is not mandatory. See <u>Peters v. Ashtabula Metro. Hous. Auth. (1993), 89 Ohio App. 3d 458, 624 N.E.2d 1088.</u>

Upon careful consideration of the evidence that was before the trial court and applicable law, we find that no genuine issue of facts exists as to appellants' negligent hiring claim. Further, as to appellants' claim that appellees negligently supervised McCuddy, the mere fact that he was "untruthful" regarding the status of some work assignments does not correspondingly require that he be supervised more closely. (It is also unrelated to a heightened propensity to commit a sexual assault.) Accordingly, appellants' first assignment of error is not well-taken.

In appellants' second assignment of error, they claim that the trial court erred in granting summary judgment as to their claims of unlawful discrimination and retaliatory eviction. Appellees argue that there is no evidence of unlawful discrimination and, irrespective, the claims **[*8]** are barred by the doctrine of res judicata.

[HN5] The doctrine of res judicata provides that "[a] valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of a previous action." <u>Grava v. Parkman Twp. (1995), 73 Ohio St. 3d 379, 653 N.E.2d 226,</u> syllabus. The purpose of this doctrine is to combine all variant forms of relief flowing from a single situation, regardless of the variations in the evidence needed to support each claim. <u>Id. at 383,</u> quoting 1 <u>Restatement of the Law 2d, Judgments (1982), Section 24</u>, Comment a.

In the instant case, the prior municipal court action was for past-due rent. Appellants now claim unlawful discrimination and retaliatory eviction which both stem from a dispute over the amount of rent they were charged. We therefore find that the trial court correctly applied the doctrine of res judicata to these claims. Accordingly, appellants' second assignment of error is not well-taken.

On consideration whereof, the court finds that substantial justice was been done the party complaining, and the judgment of the **[*9]** Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellants.

JUDGMENT AFFIRMED.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.

Peter M. Handwork, P.J.

JUDGE

Melvin L. Resnick, J.

Mark L. Pietrykowski, J. JUDGE

CONCUR.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.