IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(Cincinnati)

| | | |
|---|---|---|
| JOEL MOYER, et al. | : | Case No. 1:01-CV-140 |
| Plaintiffs, | : | Magistrate Judge Timothy S. Hogan |
| v. | : | |
| AMBASSADOR PROGRAMS, INC., et al. | : | DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS |
| Defendants. | : | |

Defendant Ambassador Programs, Inc. ("Ambassador") respectfully moves this Court *in limine* for an Order prohibiting and excluding any documents created by Plaintiff Joel Moyer <u>after</u> his suicide attempt that address his possible motives for his suicide attempt or the alleged events in Scotland that he claims precipitated the suicide attempt. Any such documents that were not created contemporaneously with either the alleged assault that Mr. Moyer contends occurred in Scotland <u>or</u> his subsequent suicide attempt are self-serving exercised in "evidence creation" and should be excluded pursuant to Federal Rules of Evidence 401.

I.  RELEVANT FACTUAL BACKGROUND

As alleged in Plaintiff's Third Amended Complaint filed on July 30, 2003, (the "Complaint") Joel Moyer attempted suicide on December 31, 1999. Moyer's Complaint further

claims that his suicide attempt was proximately caused by an assault that allegedly occurred six months earlier. In July 1999 Joel Moyer took part in a tour of the United Kingdom that was organized, in part, by Ambassador. He claims that while on that tour he was assaulted by a Scottish resident named Ronald Carroll on the second of three nights he stayed at Carroll's residence in Edinburgh, Scotland. After Joel's suicide attempt, the note attached as Exhibit 1 was created by Joel. It purports to explain the motives behind his suicide attempt and cast blame on Mr. Carroll (and by extension Ambassador.) This document was not created contemporaneously with either the alleged assault nor was it written at the time Joel was pondering suicide.

## II.    LAW AND DISCUSSION

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." In Exhibit 1, Joel purports to review the events in Scotland and the causes of his suicide attempt. However, since it was written many months after the events in question and possibly even after Joel Moyer first met with legal counsel about filing a lawsuit, it does not make the existence of the alleged assault more or less likely to have occurred; it is simply a self-serving attempt to establish Joel's allegations as factual history. Fundamentally then, it is not "relevant." Any purported evidence that does not serve to prove or establish claim or defense as a matter of law is, by definition, irrelevant and should be excluded from admission into evidence at trial.

To the extent that Plaintiffs may try to introduce other documents as exhibits that were also written subsequent to the suicide attempt, this Motion is addressed to <u>all</u> such "post dated" documents, not simply Exhibit 1.

### III. CONCLUSION

Defendant Ambassador requests an Order that Exhibit 1 and any other documents created by Plaintiff Joel Moyer after his suicide attempt that purport to explain the causes or motives behind the suicide attempt and/or the alleged events in Scotland be excluded from evidence at trial.

Respectfully submitted,

/s/ Robert G. Hanseman
Karl R. Ulrich  (0055852)
Martin A. Beyer  (0060078)
Robert G. Hanseman  (0071825)
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
Dayton, OH 45423
937/222-2500
937/222-6554 (fax)
rhansema@ssdlaw.com
Attorneys for Defendant Ambassador Programs, Inc..

## CERTIFICATE OF SERVICE

I certify that on December 3, 2004, a copy of the **DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS** was filed with the Court's ECF system and mailed to:

| | |
|---|---|
| Louis F. Gilligan, Esq. | Gregory G. Beck, Esq. |
| Peter J. Stautberg, Esq. | Kreiner & Peters Co., LPA |
| Keating, Muething & Klekamp, PLL | P.O. Box 1209 |
| 1400 Provident Tower | Dublin, OH 430175202 |
| One East Fourth Street | (513) 367-5401 |
| Cincinnati, OH 45202 | Attorney for Defendant Humana/Choicecare |
| 513/579-6400 | |
| Attorneys for Plaintiffs | |

/s/ Robert G. Hanseman
Robert G. Hanseman

{00139989.DOC/1}