UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOEL P. MOYER, et al.,<br><br>    Plaintiffs,<br><br>-v-<br><br>PEOPLE TO PEOPLE<br>INTERNATIONAL, INC., et al.,<br><br>    Defendant. | Case No. C-1-01-140<br><br>(Judge Hogan)<br><br>**RESPONSE OF PLAINTIFFS IN OPPOSITION TO DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS** |

    Plaintiffs, Joel Moyer, David Moyer, and Marcia Moyer, hereby respectfully submit their response in opposition to Defendants' First Motion in Limine to Exclude Certain Documents.

    Defendants' motion concerns, principally, a letter written by Joel Moyer while he was in Children's' Hospital recovering from a suicide attempt. The letter was written to a friend, named "Colin," with whom Joel worked. The letter was written at the request of Joel's treating psychiatrist, Dr. Katherine Rappaport, as part of his therapy in addressing his condition.

    In Ambassador's motion, the only citation of authority is Evidence Rule 401, which really is a definition, and not a rule to include or exclude evidence. Nevertheless, Plaintiffs' acknowledge the exclusion of evidence which is not relevant under Evidence Rule 402. Simply stated, the letter written by Joel in the hospital, at the direction of his treating psychiatrist, is relevant for a number of reasons, and therefore admissible. The letter was written as part of his treatment for dealing with the depression brought on by the molestation in Scotland and related suicide attempt. The letter was not written, as Ambassador misstates, as a self-serving attempt to establish allegations as factual history. To the extent Joel recounts what happened in Scotland, his recollection is consistent with his testimony.

The fact that the document was created at the request of Joel's treating psychiatrist, and as part of his therapy, makes the document relevant. The events in Scotland in July, 1999, which gave rise to Joel's depression and suicide attempt are certainly relevant. The fact that the recollection of the molestation in Scotland is contained within a document written after the suicide attempt does not make it "not relevant." Accordingly, there is no justification for the exclusion of this particular document.

Based on the foregoing, Plaintiffs' respectfully request that this Court deny Defendant Ambassador's First Motion in Limine to Exclude Certain Documents.

    Respectfully submitted,

    \_\_\_/s/ Peter J. Stautberg_____
    Louis F. Gilligan (0021805)
    Peter J. Stautberg (0061691)
    KEATING, MUETHING & KLEKAMP, P.L.L.
    1400 Provident Tower
    One East Fourth Street
    Cincinnati, Ohio  45202
    (513) 579-6400 - Telephone
    (513) 579-6457 – Facsimile
    email: pstautberg@kmklaw.com
    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon this 27th day of December, 2004, by electronic mail upon:

Robert Hanseman, Esq.
Martin A. Beyer, Esq.
Sebaly, Shillito, and Dyer
1300 Courthouse Plaza N.E.
P.O. Box 220
Dayton, Ohio  45402

and by U.S. Mail upon

Gregory Beck
Kreiner & Peters
P.O. Box 1209
Dublin, Ohio 43017

                                                /s/ Peter J. Stautberg
                                                Peter J. Stautberg

1380894.1