UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOEL P. MOYER, et al., | ) Case No. C-1-01-140 |
| Plaintiffs, | ) (Judge Hogan) |
| -v- | ) **RESPONSE OF PLAINTIFFS IN OPPOSITION TO DEFENDANT'S SECOND MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY CONCERNING THE ASSAULT ALLEGED BY PLAINTIFFS** |
| PEOPLE TO PEOPLE INTERNATIONAL, INC., et al., | |
| Defendant. | |

**I.      INTRODUCTION**

Plaintiffs, Joel Moyer, David Moyer, and Marcia Moyer, submit this response in opposition to "Defendant's Second Motion in Limine to Exclude Expert Testimony Concerning the Assault Alleged by Plaintiffs." The Court should recognize Defendant's Motion as yet another ill-fated attempt to defend this case by misstating (or misunderstanding) applicable facts and law. Defendant is asking the Court to make a ruling, *in limine*, based on vague and hypothetical scenarios concerning expert testimony, without even providing the Court with the identities of the expert witnesses the Motion concerns. Indeed, almost overlooked in the motion is Defendant's real motivation for requesting exclusion of expert testimony: one of Defendant's own specially retained expert in the mental health field, Dr. Melvyn Nizny, believes it "very likely that Mr. Carol touched [Joel Moyer] in an inappropriate sexual manner." (Nizny Depo. pp. 96-97). Because of that opinion from Dr. Nizny, Defendant now wants to exclude all expert testimony even touching on one of the ultimate issues in this case.

Based on the arguments set forth below, the Court should not exclude or limit the testimony of Plaintiffs' experts as requested by Defendant, or Plaintiffs' cross-examination of Defendant's experts, and the Motion should be denied.

## II.     ARGUMENT

Defendant argues in its motion, without any specificity whatsoever, that Plaintiffs' expert witnesses cannot testify concerning (1) whether the assault occurred; (2) whether they "believe" the incident occurred; or (3) whether the Plaintiff, Joel Moyer, is telling the truth about what happened.  According to Ambassador, any such testimony "would essentially prejudge the outcome of the trial."

It is abundantly clear that the trier of facts is the jury.  That does not mean, however, that expert testimony concerning a fact at issue is prohibited.  Evidence Rule 702 specifically provides:  "If scientific, technical or other specialized knowledge assist a trier of fact to understand the evidence *or to determine a fact in issue* . . . a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise." F.R.E. 702 (emphasis added).  It goes without saying that the jury may believe or not believe any expert testimony.  *See* 3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions § 72.08.  Accordingly, arguing that such expert testimony will take away the jury's function is absurd.

Courts have great discretion to allow expert testimony within the guides of the Federal Rules of Evidence, specifically Rules 702, 703, and 704.  In this case, Plaintiffs plan to present the expert testimony of two mental health professionals: Katherine Rappaport, M.D., and Paul Deardorff, Ph.D.  Both of these individuals are qualified to present expert testimony concerning the issues in this case.

Dr. Rappaport is a psychiatrist, and one of Joel Moyer's treating physicians.  She was assigned to his care when he was transported to the Adolescent Psychiatric Unit of Children's Hospital Medical Center in January 2000, a few weeks after his attempted suicide.  Her

testimony will primarily concern her diagnoses, care, treatment, and prognosis of Joel Moyer. Dr. Rappoport will not specifically be asked whether Joel Moyer is "telling the truth." Yet, she is expected to discuss her medical opinions, including but not limited to the cause of the great depression and torment suffered by Joel Moyer which led to his attempted suicide. The opinions to be offered by Dr. Rappaport are all medically sound, and were developed in large part during the course of treating the patient.

Dr. Deardorff is specially retained by Plaintiffs in this case as a forensic psychologist. Dr. Deardorff will testify concerning the causal connection between the molestation in Scotland in July 1999 and the suicide attempt at the end of that year. Dr. Deardorff's testimony is factually based on the records he reviewed, the tests he administered to Joel Moyer, and interviews with Joel Moyer and his parents. In reaching that opinion, Dr. Deardorff will testify concerning other related opinions involving Joel Moyer's mental health and the abuse he suffered in Scotland.

Defendant argues that any testimony from a mental health professional would not be based on scientific, technical, or specialized knowledge. Yet, Defendant does not discuss or get into any areas addressed by *Daubert v. Merrell Dow Pharmaceuticals* (1993), 509 U.S. 579, because there is no factual support for such a discussion. It is clear from their deposition testimony that Dr. Rappaport and Dr. Deardorff have solid education and training, and base their opinions on solid scientific and medical grounds. It is well within Dr. Deardorff's expertise to testify regarding the psychological issues in this case, including but not limited to the cause of Joel Moyer's attempted suicide, and whether he would have attempted suicide in the absence of the molestation he described.

In *Skidmore vs. Precision Printing and Packaging*, 188 F.3d 606 (5th Cir. 1999), the Court addressed a similar situation in a disputed sexual harassment case. The defendant in that case objected to the presentation of opinions by an expert psychiatrist involving, *inter alia* diagnoses of posttraumatic stress disorder, and the expert's opinion regarding the believability of the claimant's described symptoms. The Court found that while credibility determinations are left for the jury, the expert psychiatrist was properly permitted to testify that Plaintiff's symptoms and recollections appeared genuine. *Id.* at 618.

In *Isely v. Capuchin Province,* 877 F.Supp. 1055 (E.D. Mich. 1995), the court dealt with similar issues. The issues in that case concerned whether an expert could testify regarding post traumatic distress disorder and repressed memory. While the court did not permit the expert to testify regarding whether the claimant in that case was telling the truth, the expert was otherwise permitted to testify regarding the mental conditions suffered by the claimant and, significantly, whether the claimant's conduct and behavior were consistent with people who suffered sexual abuse. *Id.* at 1067.

As stated above, Defendant's likely motivation for bringing this Motion is the fact that it had engaged its own team of experts to address the psychological components of this case, and got an opinion it did not want. Ambassador insisted that Joel Moyer undergo an evaluation by Dr. Melvyn Nizny and Dr. Robert Tureen.

Dr. Nizny is a forensic psychiatrist who interviewed Joel Moyer a total of seven hours over three days. Dr. Tureen, a psychologist at The Mayfield Clinic, also interviewed Joel Moyer, and administered a battery of personality tests, including: Personality Assessment Inventory, Revised Neopersonality Inventory, Kaufmann Brief Intelligence Test, Wagner Hand Test,

Rorschach Ink Blot and Thematic Apperception Test (partial). The results of Dr. Tureen's interviews and testing were then integrated into Dr. Nizny's evaluation.

Defendant certainly had designs on putting up expert testimony to rebut that offered by Dr. Deardorff. However, in his report, Dr. Nizny offered the following:

> My opinion being that I think it's very likely that Mr. Carroll did touch him in an inappropriate sexual manner and here my reference is to touching him on his lips and putting his tongue into his mouth, two things I believe he would not have distorted. In his intoxicated state, he may have distorted being touched on his genitals because maybe in the midst of all this, Mr. Carroll was <u>also</u> trying to be of help to him as he was in a repeated state of vomiting. On the other hand it may be that he was touched sexually inappropriate on his genitals but I cannot draw a definite conclusion about that complaint.

(Nizny Depo., Ex. 1, p. 21 of his report).

Dr. Nizny is expected to testify, and his belief in at least some of what Joel Moyer described occurred in Scotland is open for cross-examination. After all, Dr. Nizny concludes Joel Moyer would not have distorted the touching and kissing. This is a psychiatric conclusion offered by Dr. Nizny, based on his experience and education. Dr. Nizny is not expected to be asked whether Joel Moyer is telling the truth. Nevertheless, there are many opinions and conclusions addressing the consistency of events and symptoms which are at play in this case, and other cases like it. These areas are appropriate for testimony by qualified experts.

### III.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully urge the Court to deny Defendant's Second Motion in Limine.

- 6 -

        Respectfully submitted,

        \_\_\_/s/ Peter J. Stautberg_____
        Louis F. Gilligan (0021805)
        Peter J. Stautberg (0061691)
        KEATING, MUETHING & KLEKAMP, P.L.L.
        1400 Provident Tower
        One East Fourth Street
        Cincinnati, Ohio 45202
        (513) 579-6400 - Telephone
        (513) 579-6457 – Facsimile
        email: pstautberg@kmklaw.com
        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon this 27th day of December, 2004, by electronic mail upon:

Robert Hanseman, Esq.
Martin A. Beyer, Esq.
Sebaly, Shillito, and Dyer
1300 Courthouse Plaza N.E.
P.O. Box 220
Dayton, Ohio 45402

and by U.S. Mail upon

Gregory Beck
Kreiner & Peters
P.O. Box 1209
Dublin, Ohio 43017

        \_\_\_\_\_/s/ Peter J. Stautberg_____
        Peter J. Stautberg

1380559.1