IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOEL P. MOYER, et al.

             Plaintiff,

      -v-

PEOPLE TO PEOPLE INTERNATIONAL,
INC., et al.

             Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No.  C-1-01-140

(Judge Hogan)

## JOINT FINAL PRETRIAL ORDER

This matter came before the Court at a Final Pretrial Conference held on December 29, 2004 at 9:30 a.m.

**I.**    **APPEARANCES:**

1.    For Plaintiff(s):        Louis F. Gilligan
                              Peter J. Stautberg
                              Keating, Muething & Klekamp
                              1400 Provident Tower
                              One East Fourth Street
                              Cincinnati, Ohio  45202

2.    For Defendants        Martin A. Beyer
        Ambassador Programs,    Robert G. Hanseman,
        Inc.                      Sebaly, Shillito and Dyer
                                1900 Kettering Tower
                              Dayton, Ohio  45423

3.    For Defendants ChoiceCare/  Gregory Beck
        Humana:                Kreiner & Peters
                              P.O. Box  1209
                              Dublin, Ohio  43017-6209

## II.    NATURE OF ACTION AND JURISDICTION:

1.    This is a personal injury action for recovery of compensatory damages attributable to physical, emotional, and psychological injuries and damages, recovery of medical and related expenses, and loss of consortium. Plaintiffs also seek punitive damages from Defendant Ambassador.

2.    The jurisdiction of the Court is invoked under Title 28, United States Code 1332.

3.    The jurisdiction of the Court is not disputed.

4.    The Parties have consented to entry of final judgment by the United States Magistrate Judge.

## III.    TRIAL INFORMATION:

1.    The estimated length of trial is 7 days.

2.    Trial to Court/Jury will begin on January 18, 2005.

3.    Initial explanation of the case:

## IV.    AGREED STATEMENT AND LISTS:

1.    General Nature of Parties' Claims:

   a.    PLAINTIFF CLAIMS:

This case arises out of a trip to England, Ireland, and Scotland taken by Plaintiff Joel Moyer in July, 1999. Joel, who was then 16 years of age, was an "Ambassador" on a People to People Student Ambassador Program trip. As part of the People to People Student Ambassador Program, there would be "homestays" which would entail the student ambassadors being placed with local "families." The program called for such a homestay in the City of Edinburgh, Scotland on July 15-17, 1999. Joel Moyer and another student were not placed with a family for that homestay. Rather, these two boys were placed with an individual named Ronald Carroll, a single male with no children (or any other occupants) living in an apartment on the outskirts of the City of Edinburgh.

On the night of July 16, 1999, Ronald Carroll offered Joel multiple beers, and subsequently molested him. Joel returned to the United States and managed to suppress the anguish and torment which the molestation brought him. However, the torment was too great, and in the early morning hours of December 31, 1999, Joel attempted to take his own life by jumping from the top deck of the parking garage of the Mercy St. Theresa Center in Mariemont.

As a result of that attempted suicide, Joel suffered severe physical injuries, including a burst fracture of a vertebra, pilon fractures of both legs, and a dislocated elbow. Joel was transported to University Hospital, where he underwent multiple corrective surgeries to address the trauma to his back and his legs. After approximately two weeks in University Hospital, Joel was transported to Children's Hospital, where he spent an additional two to three weeks in the adolescent psychiatric unit. Joel has injuries which are permanent in nature, and it is reasonably certain he will undergo additional surgeries on his ankles in the future.

The Moyers seek compensatory damages from Ambassador Programs, Inc. because of its negligence in the placement of Joel Moyer with the homestay host in Edinburgh, Scotland. The Moyers also seek punitive damages against Ambassador for its reckless and wanton actions.

b.    AMBASSADOR CLAIMS:

Former Defendant People to People International, Inc. (People to People) is a non-profit corporation that was established by President Dwight D. Eisenhower. It fosters international understanding in part through foreign travel for American students. People to People contracts with Defendant Ambassador Programs, Inc., (Ambassador). Ambassador puts organizes overseas travel programs . It is licensed by People to People to organize trips under the trade name "People to People Student Ambassador Program."

In 1999, Ambassador sponsored a trip to the United Kingdom and Ireland, called the British and Irish Odyssey. The trip featured stops in England, Ireland and Scotland. Ambassador contracted with a European company called E.I.L., Ltd. (EIL) to create trip itineraries and arrange for local accommodations. One of EIL's specific tasks was to select the homestay hosts for the three homestay experiences during the 1999 trip. Both the written guidelines and the negotiations between Ambassador and EIL made clear that Ambassador expected EIL to select suitable host families for trip participants.

The trip application and contract provided that Ambassador would not be liable for any injuries that trip participants suffered during the trip. Joel Moyer read the application and had several weeks, possibly a month, to consider it. Mr. Moyer, who is an attorney, read the application before he signed it. Mrs. Moyer helped Joel complete the application and read the application herself before she signed it. EIL, not Ambassador or People to People, selected Ronald Carroll to be a homestay host. EIL did not inform Ambassador who would serve as homestay hosts.

On July 15-17, 1999, Joel Moyer and another student on the trip, Daniel Kelley, stayed at Mr. Carroll's residence for three nights while the group visited the attractions in the greater Edinburgh, Scotland area during the day. On the evening of July 18, Joel Moyer and some other trip participants went to a local tavern and drank alcohol. This was against the trip rules. It was also the second time Joel Moyer drank alcohol on the trip. He returned to Mr. Carroll's home, and alleges that Mr. Carroll offered him beer and he drank it. Joel Moyer also alleges that, after he threw up on Mr. Carroll's floor, Mr. Carroll kissed and groped him on his boxer shorts intermittently for about ten to twelve minutes. Joel alleges he then went to bed.

Joel Moyer didn't report any problems or negative experiences with Mr. Carroll the next day, at any later point in the trip, and after he returned home. In late December, Joel Moyer played Monopoly with a female classmate. He later asked her out on a date. She declined the invitation. Approximately two days later, he attempted suicide by edging himself off the upper ledge of a three-story parking garage in suburban Cincinnati. He left one suicide note in his bedroom and sent another to the female. In the letter to his parents, Joel blamed his suicidal state of mind on abuse he allegedly suffered while staying with Mr. Carroll the prior July. No other details were provided.

Mr. Carroll, who is not a party to this case, denies the allegations against him. There is no corroboration to Joel's claims that he was sexually assaulted. The Scottish police investigated Mr. Carroll and declined to press charges.

Joel has made a full mental and emotional recovery from his suicide attempt. He even claims that he is a mentally and emotionally stronger person than he was before the trip. He has some residual back pain that he treats with ibuprofen. He also has some occasional ankle soreness. Otherwise, he has made a full physical recovery.

     c.    DEFENDANT CHOICECARE/HUMANA CLAIMS:

Defendant ChoiceCare/Humana is a provider of medical benefits, and has a subrogated claim for recovery of medical expenses it paid for on behalf of Joel Moyer and his family. A proposed Stipulation regarding the right to recovery and amount is under consideration by the parties.

    2.    Uncontroverted Facts:

The parties stipulate as to the following facts.

    a.    Joel Moyer was a participant on a People to People Student Ambassador Program trip to England, Ireland, and Scotland in July, 1999.

    b.    The People to People Student Ambassador Program was run by Ambassador Programs, Inc., a for profit company in Spokane, Washington. Ambassador Programs, Inc. operated the People to People Student Ambassador Program under a licensing agreement with People to People International, Inc., a non-profit corporation located in Kansas City, Kansas.

    c.    Ambassador Programs, Inc. paid a group in England/Scotland called EIL Ltd. ("EIL") to make reservations and arrangements for transportation, sightseeing activities, and lodging, including the placement of the student ambassadors in homestays.

d.   Joel Moyer was placed with another student ambassador named Dan Kelley in the apartment of Ronald Carroll for a three night home stay in Edinburgh, Scotland, from July 15-17, 1999.

e.   Joel attempted to commit suicide in the early morning hours of December 31, 1999, where he slipped himself off the top level of a parking garage at Mercy St. Theresa Center in Mariemont, Ohio.

f.   After being located subsequent to the jump, Joel was transported to University Hospital, where he was treated for trauma he suffered in the jump.

g.   Joel was treated at University Hospital for approximately two weeks, and thereafter transferred to the adolescent psychiatric unit at Children's Hospital. Joel spent an approximate two week time period at the adolescent psychiatric unit of Children's Hospital. Thereafter, he continued to treat with Dr. Katherine Rappaport on an outpatient basis

3.   Issues of Fact and Law:

a.   CONTESTED ISSUES OF FACT:

The parties dispute the following facts:

**PLAINTIFFS:**

Plaintiffs state that the number of disputed facts is great. The primary disputed facts in this case surround the events of the evening of July 16, 1999. Plaintiffs contend:

- That Ronald Carroll consumed multiple beers on that particular night, in the presence of Dan Kelly, and then Joel Moyer.

- Carroll offered beers on multiple occasions to Dan Kelly, who declined on each occasion.

- After Dan Kelly went to bed that evening, Joel Moyer arrived at the flat after spending the evening out with other trip participants.

- Carroll offered beers to Joel Moyer on multiple occasions, which he accepted.

- Joel Moyer became intoxicated, and was molested by Ronald Carroll.

- Other disputed facts involve the extent and nature of Joel Moyer's injuries, particularly the permanency of the injuries, future problems which are reasonably certain to occur, and the limitations on Joel's current activities.

## **DEFENDANTS**:

- Whether Ambassador assumed legal custody of Joel Moyer.

- Whether Ambassador deprived Mr. and Mrs. Moyer from the ability to protect Joel Moyer.

- Whether EIL negligently selected Ronald Carroll as a homestay host.

- Whether Ambassador or EIL could reasonably anticipate whether Mr. Carroll would sexually assault Joel Moyer.

- How intoxicated was Joel Moyer when he returned to Mr. Carroll's flat on July 18, 1999?

- Whether Joel Moyer became further intoxicated after he returned to Mr. Carroll's flat on July 18, 1999.

- Whether Mr. Carroll sexually assaulted Joel Moyer.

- If so, whether Joel was contributorily or comparatively negligent.

- Whether the alleged sexual assault was an intervening cause that relieved Ambassador from any liability.

- Whether Joel Moyer failed to mitigate his damages.

- Whether Joel Moyer attempted suicide as a direct and proximate result of the alleged sexual assault.

- The nature, scope, and length of Joel Moyer's physical and emotional injuries.

- Whether Plaintiffs were injured by anything that EIL or Ambassador did or did not do.

- Whether Plaintiffs are entitled to any damages.

- Whether Plaintiffs are estopped from denying that Joel Moyer was sexually assaulted.

- Whether Joel Moyer attempted suicide as a result of the alleged sexual assault.

- The nature, scope, and length of Joel Moyer's physical and emotional injuries.

- Whether the Moyers' contract with Ambassador states in part that "Neither Ambassador Programs, Inc. nor its agents shall be liable for any loss, injury or damage to person or property resulting from . . . [any] accident, injury, death or any other cause beyond our control."

- Whether Joel Moyer read their contract with Ambassador before they signed it.

b.    CONTESTED ISSUES OF LAW:

The contested issues of law in addition to those implicit in the foregoing issues of fact are:

**Plaintiffs' Propositions of Law**:

Plaintiffs submit that the following issues of law have been previously determined by the Court in prior rulings, but may be contested by Ambassador:

(1)    The exculpatory clause in the People to People Student Ambassador Program Application does not bar Plaintiffs from pursuing their negligence claims against Ambassador.

(2)    An employer must exercise reasonable care in the selection of a competent and careful independent contractor.

(3)    Ambassador owed a duty of reasonable care to Plaintiffs under the circumstances, including a duty to exercise reasonable care to protect Joel Moyer against unreasonable risk of harm from the criminal acts of a third party.

(4)    Ambassador took Joel Moyer into its custody for purposes of the trip and thereby assumed the duty of care which the law imposes on one who has taken custody of another under circumstances where the other, in this case a minor, is deprived of his normal opportunities for protection.

(5)    Ambassador should have reasonably anticipated a possibility of harm to Joel Moyer if it failed to exercise reasonable care while he was in Ambassador's custody, and particularly if it failed to exercise reasonable care in fulfilling its obligation to place Program participants in suitable homestays.

(6)    Unreasonable risk of harm if placed in an inappropriate homestay, the Ambassador had a duty to exercise reasonable care to protect Program participants, and particularly minor children, against an unreasonable risk of harm from the criminal acts of a third party.

(7)    Ambassador may be held liable for acts or omissions of E.I.L. relating to the homestay placements.

(8)    Ambassador's duty to exercise reasonable care to protect Program participants against unreasonable risk of harm was non-delegable because participation in the Ambassador Program posed inherent risks which are unique to that situation and which called for a special degree of care.

### Defendants' Propositions of Law:

(1)    Exculpation clauses in trip contracts are fully enforceable. *Sova v. Apple Vacations*, 984 F.Supp. 1136 (S.D. Ohio 1997); *Shannon v. Taesa Airlines*, 1993 U.S. Dist. LEXIS 21125 (S.D. Ohio).

(2).    Tour operators are not liable to travel participants for tortious action of third-party suppliers they do not own, operate, manage or control. *Sova v. Apple Vacations*, 984 F. Supp. 1136 (S.D. Ohio 1997); *Shannon v. Taesa Airlines*, 1993 U.S. Dist. LEXIS 21125 (S.D. Ohio).

(3)    There is no general duty to control the intentional conduct of a third person by preventing him or her from harming another. The law does not require the prudent person to expect criminal activity from others. *Fed. Steel & Wire*

*Corp. v. Ruhlin Constr. Co.*, 45 Ohio St. 3d 171, 543 N.E.2d 769 (1989); *Feichtner v. Ohio Dept. of Transp.*, 114 Ohio App. 3d 346, 683 N.E.2d 112 (1994).

(4)    A defendant is liable for the criminal act of a third party only where criminal misconduct is to be anticipated and taking the risk of such conduct was unreasonable. That is, a defendant cannot be liable unless it knows or has reason to know of the third party's criminal propensities. *Steppe v. Kmart Stores*, 136 Ohio App. 3d 454, 737 N.E.2d 58 (1999); *Evans v. The Ohio State University*, 112 Ohio App. 3d 724, 680 N.E.2d 161 (1996).

(5)    Even where a defendant has custody of another, the defendant has only a duty to protect the other from an unreasonable risk of physical harm. The defendant is not liable where it neither knows nor should know of the unreasonable risk. It is not required to take precautions against a sudden and unexpected attack from a third person. Also, the defendant is not required to take any action until knows or has reason to know that the other is endangered, ill, or injured. <u>Restatement 2d of Torts</u>, Section 314A(4), Comments e and f; *Anglin v. Schultz*, 1995 Ohio App. LEXIS 2689.

(6)    A tour operator has only the duty to make a "minimal investigation" into its independent contractors. It has no duty to make specific inquiries into trip participant safety and instead can rely on the independent contractor's general reputation. *Wilson v. American Trans Air, Inc.*, 874 F.2d 386 (7th Cir. 1989); *McElheny v. Trans National Travel, Inc.*, 165 F.Supp.2d 190 (D. R.I. 2001).

(7)    If a defendant is not liable to a minor plaintiff, then it is not liable to the minor's parents under a claim for loss of consortium. *Gallimore v. Children's Hosp. Med. Ctr.*, 67 Ohio St. 3d 244, 617 N.E.2d 1052 (1993); *Messmore v. Monarch Machine Tool Co.*, 11 Ohio App. 3d 68, 463 N.E.2d 108 (1983).

4.    Witnesses:

The parties have listed on the appropriate appendices those persons who will be called or who will be available to testify.

Appendix B –        Plaintiffs' Lay and Expert Witnesses

Appendix C –     Defendant Ambassador's Lay and Expert Witnesses

Appendix D –     Defendant ChoiceCare/Humana Witnesses

The parties reserve the right to call non-listed rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

5.     Expert Witnesses:

The parties propose to call the following number of expert witnesses, all of whom have been disclosed to the opposing side:

Plaintiffs:     Paul A. Deardorff, Ph.D. (specially retained expert)

Jamal Taha, M.D. (treating physician)

James Amis, M.D. (treating physician)

Katherine Rappaport, M.D. (treating physician/psychiatrist)

John Roberts, M.D. (treating physician)

Ambassador:     Dr. Arthur Lee, M.D. (specially retained expert)

Dr. Robert Tureen, PhD. (specially retained expert)

Dr. Melvyn Nizny (specially retained expert)

6.     Exhibits:

The parties will offer as exhibits those items listed on appendices hereof:

Joint Exhibits:     Appendix E

Plaintiff Exhibits:     Appendix F

Defendant Ambassador Exhibits:     Appendix G

Defendant Choice Care/Humana Exhibits:     Appendix H

7.     Depositions:

Plaintiffs may present evidence from the following witnesses by deposition:

Jamal Taha, M.D.  (videotape and transcript)

John Roberts, M.D. (videotape and transcript)

Daniel Kelly

Plaintiffs reserve the right to read the following depositions into evidence in the event the individuals (who are outside the jurisdiction of this Court) do not appear at trial:

Ralph Baard

Paul Chapin

Diane Moore Critchlow

Pamela Duckmanton

Mary Jean Eisenhower


Ambassador may present evidence from the following witnesses by deposition.

Ronald Carroll

Eric Moyer

Daniel Kelly

Frances Carney

DC Andrew Ferguson


8.    Discovery:

Discovery has been substantially completed and the parties expect to cooperate to work out any remaining issues.


9.    Pending Motions:

The following Motions are pending at this time:

Two Motions in Limine filed by Defendant Ambassador.

Plaintiffs anticipate the need to move the Court to realign the parties so that ChoiceCare/Humana, currently a named defendant, may be properly aligned with Plaintiffs in

this matter. This motion has not been filed as of the date of the filing of this Order. Defendant will not oppose any motion to realign.

Defendant Humana has tendered a stipulation with respect the submitting its right of recovery of medical expenses and amount.

## V.    SETTLEMENT EFFORTS:

The parties mediated this case on three different occasions, but were not successful in resolving the dispute.

IT IS SO ORDERED.


Dated:_____        _____
                                     Timothy S. Hogan
                                     United States Magistrate Court




Dated:___12/23/04_____        _____
                                     Louis F. Gilligan (0021805)
                                     Peter J. Stautberg (0061691)
                                     1400 Provident Tower
                                     One East Fourth Street
                                     Cincinnati, Ohio 45202
                                     Tel: (513) 579-6522
                                     Fax: (513) 579-6457
                                     lgilligan@kmklaw.com
                                     pstautberg@kmklaw.com
                                     Attorneys for Plaintiffs

Dated: _12/28/04_          _Martin A. Beyer_   per telephone authority by Peter Stansberg

Robert G. Hanseman (0071825)
Martin A. Beyer (0060078)
Sebaly, Shillito and Dyer
1900 Kettering Tower
Dayton, Ohio 45423
Tel: (937) 222-2500
Fax: (937) 222-6554
rhansema@ssdlaw.com
Attorneys for Defendant Ambassador
Programs, Inc.

Dated: _12/28/04_          _Gregory G. Beck_   per telephone authority by Peter Stansberg

Gregory G. Beck (0008866)
Kreiner & Peters Co.
P.O. Box 1209
Dublin, Ohio 43017-6209
(513) 367-5401
ggbeck.kp@att.net
Attorney for Defendant Humana/Choice



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOEL P. MOYER, et al.      ) | |
|       ) | **PLAINTIFFS' WITNESS LIST** |
|    Plaintiff,     ) | **CASE NO. C-1-01-140** |
|       ) | |
|   -v-      ) | |
|       ) | |
| PEOPLE TO PEOPLE INTERNATIONAL,   ) | |
| INC., et al.      ) | |
|       ) | |
|    Defendants.     ) | |

| Presiding Judge | Plaintiff Attorney | Defendant Attorney |
|---|---|---|
| Trial Dates | Court Reporter | Courtroom Clerk |

| Pltf. | Deft. | Date Offered | Description of Witness | |
|---|---|---|---|---|
| | | | Joel Moyer | |
| | | | David Moyer | |
| | | | Marcia Moyer | |
| | | | Ralph Baard | |
| | | | Diane Moore-Critchlow | |
| | | | Paul Chapin | |
| | | | Mary Jean Eisenhower | |
| | | | Catherine Ransenberg | |
| | | | Pamela Duckmanton | |
| | | | Daniel Kelly | |
| | | | Police Officer Brian Siefke | |
| | | | Paul Deardorff, Ph.D. | |
| | | | Katherine Rappaport, M.D. | |
| | | | James Amis, M.D. | |
| | | | James Taha, M.D. | |
| | | | John Roberts, M.D. | |

1098886.1



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOEL P. MOYER, et al.                        ) | |
| ) | **DEFENDANTS PEOPLE TO PEOPLE** |
| Plaintiff,               ) | **INTERNATIONAL,    INC.    AND** |
| ) | **AMBASSADOR  PROGRAM,  INC.'S** |
| -v-                          ) | **WITNESS LIST** |
| ) | **CASE NO. C-1-01-140** |
| PEOPLE TO PEOPLE INTERNATIONAL,   ) | |
| INC., et al.                      ) | |
| ) | |
| Defendants.           ) | |

| Presiding Judge | Plaintiff Attorney | Defendant Attorney |
|---|---|---|
| Trial Dates | Court Reporter | Courtroom Clerk |

| Pltf. | Deft. | Date Offered | Description of Witness |
|---|---|---|---|
| | | | Ralph Baard |
| | | | Paul Chapin |
| | | | Mary Jean Eisenhower |
| | | | Ronald Carroll |
| | | | Pamela Duckmanton |
| | | | Eric Moyer |
| | | | EIL Representative |
| | | | Det. Andrew Ferguson |
| | | | Catherine Ransenberg |
| | | | Donald Ransenberg |
| | | | Dr. Melvyn Nizny |
| | | | Robert Gordon Tureen, Ph.D. |
| | | | Arthur F. Lee, M.D., F.A.C.S. |

1103642.1



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOEL P. MOYER, et al.

        Plaintiff,

    -v-

PEOPLE TO PEOPLE INTERNATIONAL,
INC., et al.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

**DEFENDANT
CHOICECARE/HUMANA WITNESS
LIST**
**CASE NO. C-1-01-140**

| Presiding Judge | Plaintiff Attorney | Defendant Attorney |
|---|---|---|
| Trial Dates | Court Reporter | Courtroom Clerk |

| Pltf. | Deft. | Date Offered | Description of Witness | |
|---|---|---|---|---|
| | | | Representative of ChoiceCare/Humana | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

1103827.1



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOEL P. MOYER, et al.                    )
                                         )
              Plaintiff,                 )     **JOINT EXHIBIT LIST**
                                         )
         -v-                             )     **CASE NO.C-1-01-140**
                                         )
PEOPLE TO PEOPLE INTERNATIONAL,          )
INC., et al.                             )
                                         )
              Defendants.

| Presiding Judge | Plaintiff Attorney | Defendant Attorney |
|---|---|---|
| Trial Dates | Court Reporter | Courtroom Clerk |

| Pltf. No. | Deft. No. | Date Used | Date Offered | Obj. | Adm. | Description of Exhibit |
|---|---|---|---|---|---|---|
| | | | | | | People to People Student Ambassador Program 1999 Student Application/Brochure |
| | | | | | | PNC Bank ATM Receipt and Cash Sent to Andrea Genten |
| | | | | | | Letter to Andrea Genten |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

The foregoing exhibits were listed by Plaintiffs and Defendants. The parties reserve the right to object to the use of these particular exhibits.

1380701.1



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**JOEL P. MOYER et al.**

**v.**                                              CASE NO. C-1-01-140

**PEOPLE TO PEOPLE INTERNATIONAL, et al.**


## PLAINTIFFS' EXHIBITS

| EX. NO | DESCRIPTION | BATES NUMBER |
|---|---|---|
| P 1. | University Hospital Medical Records | MOYER 000001 - MOYER 000386 |
| P 2. | Children's Hospital Medical Center Records | MOYER 000387 - MOYER 000582 |
| P 3. | Children's Hospital / Katherine B. Rappaport, M.D. Records | MOYER 000584 - MOYER 000607 |
| P 4. | Curriculum Vitae of Katherine B. Rappaport, M.D. | MOYER 000608 - MOYER 000611 |
| P 5. | Lone Star Orthopedics / James A. Amis, M.D. Records | MOYER 000612 - MOYER 000623, 627 |
| P 6. | Curriculum Vitae James A. Amis, M.D. | MOYER 000628 - MOYER 000636 |
| P 7. | Mayfield Clinic / Jamal M. Taha, M.D.  Medical Records | MOYER 000637- MOYER 000647 |
| P 8. | Curriculum Vitae of Jamal M. Taha, M.D. | MOYER 000648- MOYER 000662 |
| P 9. | People to People Student Ambassador Program Badge & Pin | MOYER 000663- MOYER 000664 |
| P 10. | People to People Student Ambassador Program 1999 Student Application / Brochure | MOYER 000665- MOYER 000676; MOYER 000777- MOYER 000780 MOYER 000746- MOYER 000747 |
| P 11. | PNC Bank ATM Receipt and Cash Sent to Andrea Genten | MOYER 000677- MOYER 000681 |
| P 12. | Letter to Andrea Genten | MOYER 000683- MOYER 000684 |
| P 13. | Letter / Memo from Frances Carney re: Edinburgh Itinerary | MOYER 000685- MOYER 000685A |
| P 14. | Letter from Mary Jean Eisenhower dated December 1, 1999 and People to People International Adult Program Opportunities brochure | MOYER 000695, MOYER 000686-000687 |

| EX. NO. | DESCRIPTION | BATES NUMBER |
|---|---|---|
| P 15. | People to People Student Ambassador Program Accommodations List for British & Irish Odyssey: OH07/01-1 | MOYER 000688 |
| P 16. | Letter from The Ransenbergs dated May 23, 1999 | MOYER 000689 |
| P 17. | People to People may 15th meeting Agenda | MOYER 000690 |
| P 18. | People to People Student Ambassador Program United Kingdom & Ireland Brochure | MOYER 000691-MOYER 000692 |
| P 19. | People to People Student Ambassador Program British & Irish Odyssey Brochure | MOYER 000693-MOYER 000694 |
| P 20. | People to People International Letter from William Jarvis dated September, 99 | MOYER 000696 |
| P 21. | Letter from The Ransenbergs dated August 10, 1999 | MOYER 000697 MOYER 000698 |
| P 22. | Letter from David Moyer to Joel Moyer c/o Hedley House Hotel | MOYER 000699-MOYER 000700 |
| P 23. | Transportation details for Sat. Night Transportation Home | MOYER 000701 |
| P 24. | People to People Student Ambassador Program Memo re: Phone Cards and Travel Merchandise | MOYER 000702 |
| P 25. | People to People Orientation Agenda January 9, 1999 | MOYER 000703-MOYER 000704 |
| P 26. | People to People Agenda dated February 20, 1999 | MOYER 000706-MOYER 000707 |
| P 27. | British & Irish Odyssey Program Details | MOYER 000710 |
| P 28. | People to People Student Ambassador Program Statement | MOYER 000711-MOYER 000712 |
| P 29. | Letter from The Ransenbergs (undated) | MOYER 000713 |
| P 30. | People to People Student Ambassador Program March 18, 1999 Letter | MOYER 000715-MOYER 000716 |
| P 31. | Latter from The Ransenbergs dated May 2, 1999 re: Flight Times | MOYER 000718 |
| P 32. | Schedule of Activities - People to People Student Ambassador Programs British & Irish Odyssey OH 07/01-1 | MOYER 000719-MOYER 000723 |
| P 33. | Letter from The Ransenbergs date June 11, 1999 with enclosures. | MOYER 000724-MOYER 000730 |
| P 34. | Travel Tips Communique – 1999 Issue Newsletter | MOYER 000731-MOYER 000734 |
| P 35. | People to People Student Ambassador Program Memo enclosing Travel Items | MOYER 000735 |
| P 36. | Letter from Ransenbergs dated June 8, 1999 | MOYER 000736-MOYER 000740 |

| EX. NO | DESCRIPTION | BATES NUMBER |
|---|---|---|
| P 37. | Ransenberg Group People to People Meetings | MOYER 000741-MOYER 000742 |
| P 38. | People to People Agenda April 17, 1999 | MOYER 000743-MOYER 000744 |
| P 39. | People to People Agenda March 20, 1999 | MOYER 000745 |
| P 40. | Letter from Cathy & Don Ransenberg re: People to People Student Ambassador Program Meeting | MOYER 000751-MOYER 000752 |
| P 41. | People to People Student Ambassador Program Letter from Diane Moore Critchlow dated October 20, 1998 re: recent presentation | MOYER 000750 |
| P 42. | People to People Student Ambassador Program Letter from Jack Vines dated November 13, 1998 re: application received. | MOYER 000749 |
| P 43. | People to People Student Ambassador Program Letter dated December 2, 1998 re: Acceptance into Program | MOYER 000748 |
| P 44. | People to People Student Ambassador Program Ambassador Communique 1999-2000 Edition | MOYER 000753-MOYER 000760 |
| P 45. | People to People Student Ambassador Program Ambassador Communique 1998-1999 Edition | MOYER 000761-MOYER 000776 |
| P 46. | Miscellaneous Invoices for Medical Equipment and Mayfield Co-pay | MOYER 000782-MOYER 000795 |
| P 47. | Spreadsheets for Miscellaneous Out-of-Pocket Expenses | MOYER 000796-MOYER 000800 |
| P 48. | Miscellaneous Receipts for Out-of-Pocket and Co-Pay Expenses | MOYER 000801-MOYER 000860 |
| P 49. | Documentation of Lost Income for Joel Moyer | MOYER 000861-MOYER 000865 |
| P 50. | Documentation of Lost Income for Marcia Moyer | MOYER 000866-MOYER 000869 |
| P 51. | General Contract Between People to People International, Inc. and International Ambassador Programs, Inc. re: People to People Student Ambassador Program | PTP0001-PTP0008 |
| P 52. | Individual Focus | MOYER 000906-MOYER 000907 |
| P 53. | Writing Dated Jan. 28. 2000 | MOYER 000908-MOYER 000913 |
| P 54. | Letter to Colin | MOYER 000914-MOYER 000916 |
| P 55. | Mariemont Police Department Report | MOYER 000917 |
| P 56. | Article from People to People Student Ambassador Program Website | MOYER 000918-MOYER 000919 |
| P 57. | People to People International Programs Webpages | MOYER 000921-MOYER 000922 |

| EX. NO | DESCRIPTION | BATES NUMBER |
|---|---|---|
| P 58. | Letter from Mary J. Eisenhower dated April 17, 2000 | MOYER 000923 |
| P 59. | Photograph of Joel Moyer | MOYER 000925 |
| P 60. | Suicide Note | MOYER 000926-MOYER 000928 |
| P 61. | Kroger Pharmacy Statement of Charges | MOYER 000929-MOYER 000931 |
| P 62. | Medical Records from Tri-Health / Good Samaritan Hospital | MOYER 000932-MOYER 000937 |
| P 63. | People to People Student Ambassador Program brochure – British & Irish Odyssey | PTP 0125-PTP 0126 |
| P 64. | People to People Student Ambassador Programs Standard of Excellence | PTP 0077-PTP 0085 |
| P 65. | Letter from Don and Cathy Ransenberg to Diane Moore Critchlow dated July 26, 1999 | MOYER 001054-MOYER 001060 |
| P 66. | Miscellaneous Communications, transmittals, and invoices between People to People Student Ambassador Programs and EIL | PTP 0187-PTP 0203 |
| P 67. | People to People Student Ambassador Programs 1999 Delegation Leader Handbook | PTP 0038-PTP 0113 |
| P 68. | People to People Student Ambassador Programs Student Handbook | MOYER 001061-MOYER 001120 |
| P 69. | Joel's Journal from July 1999 Trip | MOYER 001121-MOYER 001131 |
| P 70. | Specials Summary and Accompanying Invoices and Statements from Medical Care Providers for Medical Expenses | MOYER 000938-MOYER 001053 |
| P 71. | X-Rays of Joel Moyer (original x-rays to be used) | None |
| P 72. | Curriculum Vitae of Paul A. Deardorff, Ph. D., M.B.A. | MOYER 001132-MOYER 001144 |
| P 73. | Documents / Materials / Tests / Interpretations from files of Dr. Deardorff | MOYER 001145-MOYER 001219 |
| P 74. | Medical Record from Dr. John Roberts | |
| P 75. | Ambassador Group, Inc. December 31, 2003 Form 10-K | |



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## (Cincinnati)

| | | |
|---|---|---|
| **JOEL MOYER, et al.,** | : | **CASE NO. C-1-01-140** |
| | : | |
| **Plaintiffs,** | : | **Judge Hogan** |
| | : | |
| **v.** | : | |
| | : | |
| **PEOPLE TO PEOPLE** | : | **DEFENDANT AMBASSADOR** |
| **INTERNATIONAL, INC., et al.,** | : | **PROGRAM, INC.S' EXHIBITS** |
| | : | |
| **Defendants.** | : | |

| **Exhibit** | **Description** | **Bate Number** |
|---|---|---|
| D-1 | Emails between David Moyer and Elizabeth Hughes, dated 07/02/99 | MOY 1794 |
| D-2 | Letter from EIL to Potential Host Families and EIL Guidelines for Host Families | API 18 - 32 |
| D-3 | Letter from Cathleen Ransenberg to Joel Moyer, dated 10/99 | MOY 2312 |
| D-4 | Mariemont High School Quality of Work Report of Joel Moyer, dated 12/06/99 | MOY 1448 |
| D-5 | Notes taken by Ambassador during visit by EIL employees to the Spokane, Washington Headquarters | API 105 - 113 |
| D-6 | Documents presented by EIL to Ambassador. | API 114 - 124 |

| D-7 | Online Journal of Joel Moyer, dated 04/27/02 through 11/09/02 | MOY 2323 - 44 |
|---|---|---|
| D-8 | Email from Joel Moyer to his fraternity brothers, dated 11/02/02 | MOY 2315 – 18 |
| D-9 | Postcard from Joel Moyer to his family, dated 07/19/99 | MOY 2092 - 93 |
| D-10 | Curriculum Vitae of Melvyn M. Nizny, M.D. | |
| D-11 | Notes from independent medical exam of Melvyn M. Nizny, M.D. (to be supplied) | |
| D-12 | Curriculum Vitae of Arthur Lee, M.D. | |
| D-13 | Notes from independent medical examination of Arthur Lee, M.D. (to be supplied) | |
| D-14 | Curriculum Vitae of Robert G. Tureen, Ph.D. | |
| D-15 | Notes from independent psychological examination of Robert G. Tureen, Ph.D. (to be supplied) | |
| D-16 | EIL newspaper advertisement for host families, dated 06/17/99 | Carroll Deposition Exhibit 2 |
| D-17 | Sketch of Carroll apartment | Carroll Deposition Exhibit 4 |
| D-18 | Fax from EIL to Ambassador, dated 04/02/97 attaching proposed draft itinerary | API 9 |
| D-19 | Fax letter from EIL to Ambassador, dated 11/04/96 | API 10 – 17 |
| D-20 | Letter from Rosemary Collie to David Moyer, dated 02/18/00 | David Moyer Deposition Exhibit 4 |
| D-21 | Handwritten map of Carroll apartment, prepared by Joel Moyer | Joel Moyer Deposition Exhibit 11 |
| D-22 | People to People description | API 0316 |

| D-23 | Joel Moyer's grades from Indiana University for the year | API 0317 |
|------|---------------------------------------------------------|----------|



IN THE United States District Court
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOEL P. MOYER, et al.                      )
                                           )
            Plaintiff,                     )   **EXHIBIT LIST OF DEFENDANT**
                                           )   **CHOICECARE/HUMANA**
     -v-                                   )
                                           )   **CASE NO.C-1-01-140**
PEOPLE TO PEOPLE INTERNATIONAL,            )
INC., et al.                               )
                                           )
            Defendants.

Presiding Judge            Plaintiff Attorney            Defendant Attorney

Trial Dates                Court Reporter               Courtroom Clerk

| Pltf. No. | Deft. No. | Date Used | Date Offered | Obj. | Adm. | Description of Exhibit |
|-----------|-----------|-----------|--------------|------|------|------------------------|
|           | C-A       |           |              |      |      | Consolidated Statement of Benefits for Joel P. Moyer |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |
|           |           |           |              |      |      |                        |