UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOEL P. MOYER, et al. | ) | |
| | ) | Case No. C-1-01-140 |
| Plaintiffs, | ) | |
| | ) | (Magistrate Judge Hogan) |
| -v- | ) | |
| | ) | PLAINTIFFS' PROPOSED JURY |
| PEOPLE TO PEOPLE INTERNATIONAL, ) | | INSTRUCTIONS |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, by and through counsel, hereby submit these specific proposed jury instructions,

to be given to the jury at the trial of this matter.

GENERAL ALLEGATIONS

[To be supplied by the parties]

STIPULATIONS OF FACT

The parties have agreed, or stipulated, to the following facts. This means that both sides agree that the following statements are fact. You must therefore treat these facts as having been proved:

[To be supplied by the parties]

PLAINTIFFS' CLAIM FOR NEGLIGENCE

Negligence is a failure to use reasonable care, also known as ordinary care. Every person is required to use ordinary care to avoid injuring another person.

Ordinary care is the care that a reasonably careful person would use under the same or similar circumstances.

O.J.I. 7.10

PREVIOUS DETERMINATIONS OF FACT AND LAW

The Court has already determined and you shall accept that:

1.      Defendant Ambassador Programs took Plaintiff Joel Moyer into its custody for purposes of the People to People Student Ambassador Program trip, and thereby assumed the duty of care which the law imposes on one who has taken custody of another under circumstances where the other, in this case a minor, is deprived of his normal opportunities for protection.

2.      Defendant Ambassador Programs anticipated, or should have reasonably anticipated a possibility of harm to Joel Moyer if it failed to exercise reasonable care while he was in Ambassador's custody, and particularly if it failed to exercise reasonable care in fulfilling its obligation to place Program participants in suitable homestays.

3.      Defendant Ambassador Programs owed a duty of reasonable care to Joel Moyer, including a duty to exercise reasonable care to protect him against unreasonable risk of harm from the criminal acts of a third party.

4.      Defendant Ambassador Programs' duty to exercise reasonable care to protect Program participants against unreasonable risk of harm was non-delegable because participation in the People to People Student Ambassador Program posed inherent risks which are unique to that situation and which called for a special degree of care.

5.      EIL is to be treated as an agent of Defendant Ambassador Programs, and Ambassador Programs is vicariously liable for any negligent acts or omissions of EIL, or its employees or agents, in connection with Joel Moyer's homestays.

Judge Weber's Order dated February 23, 2004

PROXIMATE CAUSE

1.      A party who seeks to recover for injuries must prove not only that the other party was negligent, but also that such negligence was a proximate cause of the injuries.

2.      Proximate cause exists where an act or failure to act, in a natural and continuous sequence, directly produces the injuries and without which it would not have occurred.

3.      There may be more than one proximate cause. The fact that some other cause combined with the negligence of a defendant in producing an injury does not relieve that defendant from liability, unless it is shown such other cause would have produced the injury independently of defendant's negligence.


O.J.I.  11.10

PERSONAL INJURY

1.      If you find for the plaintiff Joel Moyer, you will decide by the greater weight of the evidence an amount of money that will reasonably compensate the plaintiff for the actual injuries and damages proximately caused by the negligence of the defendant.

2.      In deciding this amount, you will consider the nature and extent of the injury; the effect upon physical health; the pain and suffering experienced; the ability or inability to perform usual activities; the earnings that were lost, and the reasonable cost of necessary medical and hospital expenses incurred.  From these you will determine what sum will compensate the plaintiff for the injury to date.

3.      You will note that the plaintiff Joel Moyer also claims that the injury is permanent, that plaintiff will incur future expense, and that the plaintiff will experience pain or disability in the future.  As to such claims, no damage may be found except that which is reasonably certain to exist as a proximate result of the injuries.

4.      If you find from the greater weight of the evidence that, as a proximate cause of the injuries sustained, the plaintiff has suffered a permanent disability which is evidenced by way of the inability to perform the usual activities of life such as the basic mechanical body movements of walking, climbing, stairs, feeding oneself, driving a car, or by way of the inability to perform plaintiff's usual specific activities which had given pleasure to this particular plaintiff, you may consider, and make a separate award for, such damages.

        Any amounts that you have determined will be awarded to the plaintiff for any element of damages shall not be considered again or added to any other element of damages.  You shall be cautious in your consideration of the damages not to overlap or duplicate the amounts of your award which would result in double damages.  For example, any amount of damages awarded to the plaintiff for pain and suffering must not be awarded again as an element of damages for the plaintiff's inability to perform usual activities.  In like manner, any amount of damages awarded to the plaintiff for the inability to perform usual activities must not be considered again as an element of damages awarded for plaintiff's pain and suffering, or any other element of damages.

5.      Regarding permanent and future damages, you are not to speculate.  The law deals in probabilities and not mere possibilities.  In determining permanent and future damages, you may consider only those things that you find from the evidence are reasonably certain to continue.

6.      "Reasonably Certain" means probable, that is, more likely to occur than not.

O.J.I. 23.01

LIFE EXPECTANCY – TABLE OF MORTALITY

If you find for Plaintiff and if you find that the injury is permanent, you may consider how long the Plaintiff is likely to live.

The standard table of mortality which the Court has judicially noticed and received in evidence in this case may be considered by you in determining how long the claimant may live. According to the table of mortality, the life expectancy in this country of a male person 22 years of age is 51 years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex, and that estimate is based upon a limited record of experience. So, the inference which may reasonably be drawn from life expectancy, as shown by the table, applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence in the case bearing upon the life expectancy of the plaintiff, including his occupation, habits, past health record and present state of health. Here, the mortality tables for a person of Plaintiff's age of 22 is 51 years.


Court's Standard Instruction, modified by O.J.I 23.76.

CONSORTIUM

If you find for the plaintiff Joel Moyer, you may award an amount that will reasonably compensate the parents for damages which you find resulted from a loss of the child's consortium.

Consortium includes services, society, companionship, comfort, love, and solace.

O.J.I. 23.02

PUNITIVE DAMAGES

1.     You will also decide whether the defendant shall be liable for punitive damages in addition to any other damages that you award to Plaintiffs. The purposes of punitive damages are to punish the offending party as an example to discourage others from similar conduct. You may decide that the defendant is liable for punitive damages if you find by clear and convincing evidence that

(A)(1) the defendant's acts or failures to act demonstrated malice, or

(A)(2) the defendant as principal and employer has authorized, participated in, or ratified acts or failures to act of an agent and / or employee that demonstrate malice, and

(B) the Plaintiff has presented proof of actual damages that resulted from those acts or failures to act of the defendant, its agents and / or employees.

2.     "Malice" includes a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross.

3.     "Substantial" means major, of real importance, of great significance, not trifling or small.

4.     To be "clear and convincing," the evidence must have more than simply a greater weight of the evidence opposed to it and must produce in your minds a firm belief or conviction about the facts to be proved.

5.     If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor influenced by passion, sympathy, or prejudice.

6.     If you decide that the defendant is liable for punitive damages, you must also decide whether or not the defendant is liable for the attorney fees of counsel employed by the plaintiff in the prosecution of this action. If you decide that the defendant is liable for those attorney fees, the court will determine the amount.


O.J.I. 23.71, modified to include language from *Villella vs. Waikem Motors, Inc.* (1989), 45 Ohio St. 3d 36, 37, 543 N.E.2d 464, 467.

_/s/ Peter J. Stautberg_
Louis F. Gilligan (0021805)
Peter J. Stautberg (0061691)
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
lgilligan@kmklaw.com
pstautberg@kmklaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PLAINTIFFS' PROPOSED JURY INSTRUCTIONS was filed with the Court's ECF system this 11th day of January, 2004 and by regular U.S. mail upon:

Robert Hanseman, Esq.
Martin A. Beyer, Esq.
Sebaly, Shillito, and Dyer
1300 Courthouse Plaza N.E.
P.O. Box 220
Dayton, Ohio  45402

Gregory Beck, Esq.
Kreiner & Peters
P.O. Box 1209
Dublin, Ohio  43017-6209

_/s/ Peter J. Stautberg_
Peter J. Stautberg

1389483.1