# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
### (Cincinnati)

| | | |
|---|---|---|
| **JOEL MOYER, et al.,** | : | **Case No.  1:01-CV-140** |
| | : | |
| **Plaintiffs,** | : | **Magistrate Judge Timothy S. Hogan** |
| | : | |
| **v.** | : | |
| | : | **DEFENDANT AMBASSADOR** |
| **AMBASSADOR PROGRAMS, INC. ,** | : | **PROGRAMS, INC.'S PROPOSED** |
| **et al.,** | : | **REQUESTED SPECIAL JURY** |
| | : | **INSTRUCTIONS** |
| **Defendants.** | : | |

_____

Defendant Ambassador Program, Inc. submits the following proposed jury instructions.

Respectfully submitted,

/s/ Martin A. Beyer
_____
Martin A. Beyer  (0060078)
Robert G. Hanseman  (0071825)
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
Dayton, OH 45423
937/222-2500
937/222-6554 (fax)
mbeyer@ssdlaw.com
*Attorneys for Defendant Ambassador*
*Programs, Inc.*

{00144053.DOC/1}

## CERTIFICATE OF SERVICE

I certify that on January 11, 2005, a copy of the **DEFENDANT AMBASSADOR PROGRAMS, INC.'S PROPOSED REQUESTED SPECIAL JURY INSTRUCTIONS** was filed with the Court's ECF system and mailed to:

Louis F. Gilligan, Esq.                  Gregory G. Beck, Esq.
Peter J. Stautberg, Esq.                 Kreiner & Peters Co., LPA
Keating, Muething & Klekamp, PLL         P.O. Box 1209
1400 Provident Tower                     Dublin, OH 430175202
One East Fourth Street                   (513) 367-5401
Cincinnati, OH 45202                     Attorney for Defendant Humana/Choicecare
513/579-6400
Attorneys for Plaintiffs


                                         /s/ Martin A. Beyer
                                         Martin A. Beyer

2

## AMBASSADOR'S REQUESTED INSTRUCTION #1

## NEGLIGENCE –UNREASONABLE RISK OF HARM

I will now turn to the six specific claims that the Moyers brought against Ambassador. The first five claims are brought by Joel Moyer only. The sixth and final claim is brought by his parents, David and Marcia Moyer. I will address these claims in order

Joel Moyer's first claim is that Ambassador owed him a non-delegable duty to use reasonable care to protect him against an unreasonable risk of harm from the acts, including criminal acts, of third parties. Ambassador denies the Moyers' allegations.

At base, Joel Moyer's claim here is a negligence claim. Negligence is a failure to use ordinary care. Every person is required to use reasonable care to avoid injuring another person. Reasonable care is the care that a reasonably careful person would use under the same or similar circumstances.

Joel Moyer claims that Ambassador had a non-delegable duty. Ambassador denies this. When a party uses a subcontractor, as Ambassador has done here, the party has a non-delegable duty only if the matter involved inherently dangerous activity. Examples of inherently dangerous activity include working on a 35-foot sign above a sidewalk and working with electricity.

If you find by a preponderance of the evidence that being placed in a homestay with another trip participant was inherently dangerous, then you will continue to deliberate according to my following instructions. If you find by a preponderance of the evidence that being placed in a homestay with another trip participant was not inherently dangerous, then your verdict must be for Ambassador.

3

**SOURCE:**  1 OJI 7.10 (modified); *Richman Bros. v. Miller*, 131 Ohio St. 424, 3 N.E.2d 360

(1936); *Bohme, Inc. v. Sprint Int'l Communications Corp.,* 115 Ohio App.3d 723, 734, 686

N.E.2d 300, 307 (1996).

2

## <u>AMBASSADOR'S REQUESTED INSTRUCTION #2</u>

## <u>TRAVEL SUBCONTRACTORS</u>

Here, Ambassador contracted with EIL to develop the trip itinerary and make the homestay selections. EIL was thus Ambassador's subcontractor. In the travel industry, a tour operator like Ambassador is not responsible for a subcontractor's negligence unless the operator owns, operates or controls the subcontractor. This is true regardless of whether the trip has any educational component or whether the trip participants are adults or minors.

If you find that Ambassador owned, operated or controlled, EIL then you will go on to deliberate further according to the remaining instructions I'll give you. However, if you find that Ambassador did not own, operate or control EIL, then your verdict must be for Ambassador.

**SOURCE:** *Sova v. Apple Vacations*, 984 F.Supp. 1136 (S.D. Ohio 1997); *Carley v. Theater Development Fund*, 22 F.Supp.2d 224 (S.D. N.Y. 1998); *McHelny v. Trans National Travel, Inc.*, 165 F.Supp.2d 190 (D. R.I. 2001); *Squires v. Atkinson & Mullen Travel, Inc.*, 1997 WL 106859 (S.D. N.Y. Sept. 23, 1997).

3

## AMBASSADOR'S REQUESTED INSTRUCTION #3

## FORESEEABILITY

In deciding whether reasonable care was used, you will consider whether Ambassador should have foreseen under the circumstances that the likely result of an act or failure to act would cause some injury.

The test for foreseeability is not whether a person should have foreseen the injury exactly as it happened to the specific person. The test is whether, under all the circumstances, a reasonably careful person would have anticipated that an act or failure to act would likely result in some injury.

A party is not ordinarily liable for a third party's criminal conduct. A party is liable for another's criminal actions only where the misconduct was anticipated or expected, and taking the risk of it was unreasonable. The proper focus is not what might happen, but rather what is anticipated or expected to happen.

Likewise, a party is not liable for another's criminal conduct against a minor unless the criminal actor had criminal propensities and the party knew about the criminal actor's criminal propensities. In the absence of such propensities and knowledge, the law presumes that people are not criminals and won't act in a criminal manner.

Here, if you find that Ronald Carroll sexually assaulted Joel Moyer, you must consider whether Mr. Carroll's criminal misconduct was anticipated to happen. If it wasn't, then your verdict must be for Ambassador. If it was, then you must consider whether Mr. Carroll had any criminal propensities and, if so, whether Ambassador knew about Mr. Carroll's criminal propensities. If you find that Mr. Carroll had criminal propensities *and* that Ambassador knew

4

about the criminal propensities, then you will go on to deliberate the other items I will discuss.  If

you find that Mr. Carroll had no criminal propensities, then your verdict must be for

Ambassador.  If you find that Mr. Carroll had criminal propensities but that Ambassador didn't

know about them, then your verdict must also be for Ambassador.


**SOURCE:**  1 OJI 7.13 (modified); Shannon v. TAESA Airlines, 1993 U.S. Dist. Lexis 21125

(S.D. Ohio); *Evans v. The Ohio State University*, 112 Ohio App.3d 724, 680 N.E.2d 161 (1996);

*Steppe v. Kmart Stores*, 136 Ohio App.3d 454, 737 N.E.2d 58 (1999); *Whitt v. Country Club*

*Apartments*, 199 Ohio App. Lexis 3573; *Peters v. Ashtabula Metropolitan Housing Authority*, 89

Ohio App.3d 458, 624 NE.2d 1088 (1993).

5

## AMBASSADOR'S REQUESTED INSTRUCTION #4

## PROXIMATE CAUSE AND SUPERSEDING CAUSE

A party who seeks to recover for injury must prove not only that the other party was negligent, but also that such negligence was a proximate cause of the injury.

Proximate cause exists where an act or failure to act, in the natural and continuous sequence, directly produces the injury and that the injury would not have occurred but for the act or failure to act.

The negligent or intentional act of Ronald Carroll is not a defense to any negligence of Ambassador unless you find that Mr. Carroll's negligent or intentional act was an independent and superseding cause.

Causal connection is broken when another's negligent or intentional act, which could not have been reasonably foreseen and is fully independent of the defendant's negligence, intervenes and completely removes the effect of the defendant's negligence, and becomes itself the proximate cause of the injury.

If you find by a greater weight of the evidence that Ronald Carroll's alleged criminal act could not have reasonably been foreseen and was independent of any Ambassador negligence, intervened and became the proximate cause of Joel Moyer's injuries, then your verdict must be for Ambassador.  If you find otherwise, then you shall continue to deliberate as explained in these instructions.


**SOURCE:**  1 OJI 11.10 (modified); 1 OJI 11.30 (modified).

6

## AMBASSADOR'S REQUESTED INSTRUCTION #5

## COMPARATIVE NEGLIGENCE

Ambassador claims that Joel Moyer was himself negligent and that his negligence caused or contributed to his injury.  Comparative negligence is a defense.  The burden of proving that Joel Moyer was negligent is on Ambassador.

The fact that Joel Moyer's acts may have contributed to causing his injury does not prevent his recovery of damages.  Rather, it would result in a reduction of his damages in proportion to the amount of negligence attributable to him.

In examining Joel Moyer's conduct, you should consider among other factors his background and experience and the actions he took or failed to take.  Joel Moyer is comparatively negligent if Ambassador has proved by a preponderance of the evidence that Joel Moyer failed to exercise reasonable and ordinary care for his own protection.

Now assuming you find by a preponderance of the evidence that Ambassador was negligent and that its negligence caused Joel Moyer's injuries; and assuming that you find by a preponderance of the evidence that Joel Moyer was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage of each party's negligence that contributed to Joel Moyer's injuries.  You will report these percentages on the special verdict form.  The total of these percentages must be 100%.


**SOURCE:**  Comparative negligence instructions in *Chapman v. Marathon Ashland Petroleum*, Case # C-1-02-278 (S.D. Ohio) (Judge Hogan) (modified).

7

## AMBASSADOR'S REQUESTED INSTRUCTION #6

## DRINKING AGE IN SCOTLAND

In Scotland, it is a criminal offense to give a child under the age of 5 years any excisable liquor except upon the order of a duly qualified medical practitioner, or in the case of sickness, apprehended sickness or other urgent call.  A young person aged 5 years or above may consume alcoholic liquor in a private residence.  Thus, it is not a crime to serve alcoholic liquor to a 16-year old in a private residence in Scotland.

**SOURCE:**  Section 16 of the Children & Young Persons (Scotland) Act of 1937.

8

## AMBASSADOR'S REQUESTED INSTRUCTION #7

## COMPENSATORY DAMAGES

If you find for Joel Moyer, you will decide by the greater weight of the evidence an amount of money that will reasonably compensate him for the actual injury proximately caused by Ambassador.

In deciding the amount, you will consider the nature and extent of the injury; the effect upon physical health; the pain and suffering experienced; the ability or inability to perform usual activities; the earnings that were lost; the reasonable cost of necessary medical and hospital expenses incurred. From these you will determine what sum will compensate him for the injury to date.

You will note that Joel Moyer also claims that he has some permanent injuries and will incur future expenses. As to such claims, no damage may be found except that which is reasonably certain to exist as a proximate result of the injury.

If you find from the greater weight of the evidence that, as a proximate cause of the injuries sustained, Joel Moyer has suffered a permanent disability that is evidenced by way of the inability to perform the usual activities of life such as the basic mechanical body movements of walking, climbing stairs, feeding oneself, driving a car, or by way of the inability to perform Joel Moyer's usual specific activities that had given him pleasure, you may consider, and make a separate award for such damages.

Any amounts that you have determined will be awarded to Joel Moyer for any element of damages shall not be considered again or added to any other element of damages. You shall be

9

cautious in your consideration of the damages not to overlap or duplicate the amounts of your award that would result in double damages. For example, any amount of damages awarded to Joel Moyer for pain and suffering must not be awarded again as an element of damages for his inability to perform usual activities. In like manner, any amount of damages awarded to Joel Moyer for the inability to perform usual activities must not be considered again as an element of damages awarded for Joel Moyer's pain and suffering, or another other element of damages.

You are not to speculate regarding permanent or future damages. The law deals in probabilities and not mere possibilities. In determining permanent or future damage, you may consider only those things that you find from the evidence are reasonably certain to continue.

"Reasonably certain" means probable, that is, more likely to occur than not.


**SOURCE:** 1 OJI 23.01 (modified).


10

## AMBASSADOR'S REQUESTED INSTRUCTION #8

## NEGLIGENT SELECTION AND SUPERVISION

Joel Moyer's second claim against Ambassador is for negligent selection and supervision. He alleges that Ambassador negligently selected and supervised EIL, the European company that selected Ronald Carroll as a homestay host.

To prevail on this claim, Joel Moyer must prove by a preponderance of the evidence that: (1) Ambassador and EIL had an agency relationship; (2) EIL was incompetent; (3) Ambassador had actual or constructive knowledge of such incompetence; (4) EIL's act or omission caused his injuries; and (5) Ambassador's negligence in selecting or supervising EIL was the proximate cause of Joel Moyer's injuries.

Regarding the second and third elements – the ones concerning EIL's claimed incompetence and Ambassador's actual or constructive knowledge of any such incompetence – the Court notes that a tour operator like Ambassador has only a minimal duty to investigate its subcontractors like EIL.  That is, Ambassador had no duty to make specific inquiries into trip participant safety or security and instead could rely on EIL's general reputation within the travel industry.

If you find by a preponderance of the evidence that Joel Moyer proved all of the elements of negligent selection or supervision, then you will go on to consider the other items I have already instructed you on:  foreseeability, superseding cause, comparative negligence, and compensatory damages.  If you find, however, that Joel Moyer has not proved all elements of negligent selection or supervision, then your verdict must be for Ambassador.

11

**SOURCE:** *Evans v. The Ohio State University*, 112 Ohio App.3d 724, 680 N.E.2d 161 (1996); McElheny *v. Trans National Travel, Inc*., 165 F.Supp.2d 190 (D. R.I. 2001); *Wilson v. American Trans Air, Inc*., 874 F.2d 386 (7th Cir. 1989).   Also, sources listed in Ambassador's Requested Special Jury Instructions 3, 4, 5, and 7.

12

## AMBASSADOR'S REQUESTED INSTRUCTION #9

## NEGLIGENCE – SCREENING AND SELECTING HOMESTAY HOSTS

Joel Moyer's third claim, like his first and second claims, also sounds in negligence. In his third claim, Joel Moyers alleges that Ambassador had a non-delegable duty to screen and select homestay hosts. Ambassador denies Joel Moyer's claim.

The instructions I already gave you on Joel Moyer's first claim apply here. Those are the instructions on negligence, delegable duties, travel subcontractors, foreseeability, proximate cause, superseding cause, comparative negligence and compensatory damages.

**SOURCE:** Sources listed in Ambassador's Requested Special Instructions 1, 2, 3, 4, 5, and 7.

13

## AMBASSADOR'S REQUESTED INSTRUCTION #10

## AGENCY BY ESTOPPEL

Joel Moyer's fourth claim is called agency by estoppel.  He claims that Ambassador is liable for any EIL negligence in screening or selecting Mr. Carroll to serve as a homestay host. Ambassador denies the allegations.

For Joel Moyer to prevail on this claim, you must first find by a preponderance of the evidence that EIL was negligent in selecting Ronald Carroll as a homestay host and that EIL's selection proximately caused Joel Moyer's injuries.  In addition to finding all elements of negligence on EIL's part, you must also find by a preponderance of the evidence that Ambassador, the claimed principal, held out EIL, the claimed agent out, to the public with enough authority to conclude the act in question and that Joel Moyer reasonably believed that EIL had such authority.

If you find by a preponderance of the evidence that Joel Moyer proved all elements of agency by estoppel, then your verdict must be for him, and you will go on to consider other items I have already instructed you on:  foreseeability, proximate cause, superseding cause, comparative negligence, and compensatory damages.  Conversely, if you find by a preponderance of the evidence that Joel Moyer did not prove all elements of agency by estoppel, then your verdict must be for Ambassador.

**SOURCE:**  *Evans v. The Ohio State University*, 112 Ohio App.3d 724, 745, 680 N.E.2d 161, 174 (1996); sources listed in Ambassador's Requested Special Jury Instructions 3, 4, 5, and 7.

14

## AMBASSADOR'S REQUESTED INSTRUCTION #11

## WILLFUL AND WANTON MISCONDUCT

Joel Moyer's fifth and final claim is for willful and wanton misconduct.  Joel Moyer alleges that Ambassador acted willfully and wantonly.  Ambassador denies the claim.

Willful misconduct involves an intent, purpose or design to injure.  Wanton misconduct is a failure to use *any care* under conditions that in *all probability* will result in injury.

If you find by a preponderance of the evidence that Ambassador had an intent, purpose or design to injure Joel Moyer, or if Ambassador failed to use any care under conditions that in all probability would result in injury to Joel Moyer, then you will go on to consider other items I have already mentioned, including foreseeability, proximate cause, superseding cause, and comparative negligence.  You will also go on to consider punitive damages, as I'll explain shortly.  On the other hand, if you find by a preponderance of the evidence that Ambassador did not have any intent, purpose or design to injure Joel Moyer, or that Ambassador used some care, however little, then your verdict must be for Ambassador.


**SOURCE:**  *Clutter v. Karshner*, 2001 U.S. App. Lexis 19094 (6th Cir.); *Glandon v. Greater Cleveland Regional Transit Authority*, 75 Ohio St. 3d 312, 662 N.E.2d 287, 293 (1996); *Justice v. Marion County Sheriff's Department*, 2000 U.S. App. Lexis 498 at *18-19 (6th Cir.); *Evans v. Ohio State University*, 112 Ohio App.3d 724, 749, 680 N.E.2d 161, 177 (1996).

15

## AMBASSADOR'S REQUESTED INSTRUCTION #12

## PUNITIVE DAMAGES

If you find for Joel Moyer on the willful and wanton misconduct claim and award him compensatory damages under any other claim, then you may consider whether to separately award him punitive damages. If you don't find actual damage, you can't consider punitive damages.

Punitive damages are not intended to compensate the plaintiff. Rather, they are intended to punish and deter conduct resulting from a mental state so callous in its disregard for the rights and safety of others that society deems it intolerable. You may decide that Ambassador is liable for punitive damages if you find by clear and convincing evidence that Ambassador's acts or failures to act demonstrated malice, oppression or insult.

Malice includes that state of mind where a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm.

The law requires more than a possibility or a probability that one will be harmed. Rather, it requires a great probability of substantial harm.

"Substantial" means major, or real importance, of great significance, not trifling or small.

"Oppression" is an act or series of acts that wrongfully subject the victim or victims to harm or hardship by the unjust or cruel use of force or authority.

"Insult" means any act or remark that is consciously, deliberately, or intentionally scornful or humiliating.

16

To be "clear and convincing" the evidence must have more than simply a greater weight than the evidence opposed to it and must instead produce in your minds a firm belief or conviction about the truth of the matter.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances.  It should not be excessive, or influenced by passion, sympathy, or prejudice.

If you decide that Ambassador is liable for punitive damages, you must also decide whether Ambassador is liable for the Moyers' attorney fees in this case.  If you decide that Ambassador is liable for the Moyers' attorney fees, the Court will determine the amount.

**SOURCE:**   1 OJI 23.70 (modified); 1 OJI 3.75; *Calmes v. Goodyear Tire & Rubber Co.*, 61 Ohio St.3d 470, 575 N.E.2d 416 (1991); *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987).

17

**AMBASSADOR'S REQUESTED INSTRUCTION #13**

**UNREIMBURSED MEDICAL EXPENSES AND FILIAL CONSORTIUM**

The final claim is Mr. and Mrs. Moyers' claim for unreimbursed medical expenses and loss of filial consortium.

If you find for Joel Moyer, then you may award an amount that will reasonably compensate Mr. and Mrs. Moyer for their unreimbursed medical expenses (expenses not picked up by any health insuring corporation) and for damages that you find resulted from a loss of filial consortium between Joel Moyer's suicide attempt and his 18th birthday. However, if you find for Ambassador, then you may not award any such damages to Mr. and Mrs. Moyer.

Consortium includes services, society, companionship, comfort, love, and solace. It does not include any emotional distress. The essence of a filial consortium claim is that a parent is compensated for an injury to the parent-child relationship.

**SOURCE:** 1 OJI 23.03 (modified); *Gallimore v. Children's Hosp. Med. Ctr.*, 67 Ohio St.3d 244, 617 N.E.2d 1052 (1993); *Moroney v. State Farm Mutual Automobile Ins. Co.*, 2002 Ohio App. Lexis 3918.

18

## AMBASSADOR'S REQUESTED INSTRUCTION #14

## DAMAGES – MULTIPLE COUNTS

A party may join as many claims as he or she has against the opposing party.  However, the party can have only a single recovery against the opposing party based on those different claims.

Thus if you find for Joel Moyer on one or more of his claims, you may only award a single amount of damages.

Also, two or more parties may join their claims in a single lawsuit against an opposing party.

In this case, Mr. and Mrs. Moyer join their claim with Joel Moyer's claims.  You will consider these different claims for damage separately, according to the Court's instructions.  If your verdict is for all plaintiffs, you will report a separate amount for each party's claim in your verdict.

**SOURCE:**  1 OJI 23.55 (modified)

19

## AMBASSADOR'S REQUESTED INSTRUCTION #15

## DUTY TO MITIGATE

Ambassador claims that Joel Moyer failed to mitigate his damages.  If Ambassador proves by a preponderance of the evidence that Joel Moyer did not use reasonable diligence under the facts and circumstances in evidence to avoid his loss or lessen his damages, you should not allow damages that could have been avoided by the exercise of reasonable diligence.

**SOURCE:**  2 OJI 253.29(6) (modified)

20

**AMBASSADOR'S REQUESTED INSTRUCTION #16**

**NOMINAL DAMAGES**

If you find for Joel Moyer or Mr. and Mrs. Moyer and that some injury was done to them, but either or both failed to prove by the preponderance of the evidence any amount of damages, you may award nominal damages.  "Nominal" means trifling or small.  Nominal damages are generally $10 or less.

**SOURCE:**  1 OJI 23.93

21