# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Joel P. Moyer, et al.,
    Plaintiffs

vs                                    Case No. C-1-01-140

People to People
International, Inc., et al.,            **ORDER**
    Defendants                      (Hogan, M.J.)

This matter is before the Court on defendant Ambassador's motions in limine (Docs. 131, 132) and plaintiffs' memoranda in opposition thereto. (Docs. 137, 138).

Defendant's first motion seeks an order prohibiting and excluding any documents created by plaintiff Joel Moyer after his suicide attempt that address his possible motives for the suicide attempt or the alleged events in Scotland that he claims precipitated the suicide attempt. Specifically, defendant seeks to exclude as irrelevant under Fed. R. Evid. 401 a letter written by Joel to a friend purporting to explain the motives behind his suicide attempt and cast blame on Mr. Carroll, the alleged perpetrator of an assault. (Doc. 131, Exh. 1). Plaintiffs dispute such evidence is not relevant, asserting the letter was written at the direction of Joel's treating psychiatrist as part of his therapy following his suicide attempt.

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The decision to admit such evidence at trial depends on the purpose for which it is offered. If offered to prove the fact of the alleged assault, then such evidence created after the fact would not be relevant. However, if

offered to show the scope and course of treatment Joel received after his suicide attempt, such evidence would be relevant. The admissibility of such evidence should be made in the context of the trial and in conjunction with the purpose for which it is offered by the parties. Therefore, defendant's first motion in limine (Doc. 131) is **DENIED**.

Defendant's second motion seeks to exclude any expert testimony as to whether or not Joel was actually assaulted or molested during his trip to Scotland in 1999. Defendant contends that while mental health professionals may be qualified to testify about Joel's current mental status, they have no scientific, technical, or specialized knowledge or basis under Fed. R. Evid. 702 for opining whether the assault actually occurred, whether they "believe" the incident occurred, or whether Joel is telling the truth about what happened. Plaintiffs assert that such evidence will be offered on the element of causation and that such expert testimony is based either upon the course of treatment of Joel, as in the case of Dr. Rappoport, or on the records reviewed, tests administered, and interviews conducted, as in the case of Dr. Deardorff.

It is clear that specialized knowledge and training is required to establish causation between Joel's suicide attempt and the alleged assault by Mr. Carroll, as the causal connection between the two is the type of knowledge which is beyond the common experience, knowledge, or observation of lay persons. *See* Fed. R. Evid. 701, 702. Under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), experts with specialized knowledge are generally permitted to testify about the symptoms or behaviors of known victims, report the symptoms or behaviors observed in the victim in the present case, and give an opinion that the victim's symptoms or behaviors are "consistent with" those of

2

known victims. *See, e.g., Isely v. Capuchin Province*, 877 F. Supp. 1055, 1067 (E.D. Mich. 1995) (PTSD symptoms); *Gier v. Educational Serv. Unit No. 16*, 845 F. Supp. 1342, 1353 (D. Neb. 1994), *aff'd*, 66 F.3d 940 (8th Cir. 1995) (behaviors of abused child). Such expert testimony is subject to cross-examination and the jury ultimately determines the weight to give such evidence. On the other hand, courts generally prohibit expert testimony that sexual abuse actually occurred when based on the statements of the alleged victim because the expert offering such opinion is merely vouching for the credibility of the alleged victim. *See, e.g., United States v. Charley*, 189 F.3d 1251, 1267 (10th Cir. 1999), *cert. denied*, 528 U.S. 1098 (2000), and cases cited therein. Defendant has failed to present any evidence or argument that persuades the Court that any of the expert witnesses who may be called to testify in this matter lack the qualifications based on education and training in field of psychology or psychiatry or on personal experience to offer expert testimony in this case, or that such experts will be merely vouching for Joel's credibility on the issue of sexual abuse. Without additional information from defendant and in the absence of the context of the trial, this Court declines to preclude such expert testimony at this time. Accordingly, defendant's second motion is **DENIED**.

    **IT IS SO ORDERED.**

Date: 1/13/05

Timothy S. Hogan
United States Magistrate Judge